Michael Lynn TAFT, Appellant,

v.

Rebecca Elizabeth (Taft) JOHNSON, Appellee.

No. 6623.

Court of Civil Appeals of Texas, El Paso.

June 8, 1977.

Rehearing Denied July 6, 1977.

Daniel R. Rutherford, San Antonio, for appellant.

Mitchell, Stewart & Hemmi, James D. Stewart, Kirk Patterson, San Antonio, for appellee.

## OPINION

OSBORN, Justice.

This case involves a change in a parent-child relationship by the trial judge after trial to a jury which was unable to reach a verdict. Concluding that there has been a denial of the right to a jury trial, we reverse and remand.

The parties were married in December, 1971, and divorced in January, 1975. That decree named the Appellant, Michael Lynn Taft, managing conservator, and Appellee, Rebecca Elizabeth (Taft) Johnson, possessory conservator of Mickey Denver Taft, the only child of the marriage. The petition for divorce filed by Michael alleged:

"Petitioner states that Respondent REBECCA ELIZABETH TAFT is in poor health and it would be for the best inter-est of the minor child, MICKEY DENVER TAFT, to have Petitioner appointed as Managing Conservator of this child and Respondent appointed as Possessory Conservator of this child at this time; Petitioner states that should the health of the Respondent improve at some future time, that it would be proper at such time to have Respondent REBECCA ELIZABETH TAFT appointed as Managing Conservator of this child, MICKEY DENVER TAFT."

A year after the divorce, Rebecca filed a "Motion for Temporary Relief" seeking to be named temporary managing conservator. The Court denied the request but did order an investigation by the Texas Department of Public Welfare as to the homes of each parent and granted Rebecca specific visitation rights, including physical custody of the child one week each month. Later, Rebecca filed an amended motion to modify the parent-child relationship. She alleged "substantial and material changes of circumstances" and that the change in managing conservator would be in the best interest of the child. In addition, she alleged that there was an agreement between the parties that she would be named managing conservator when she regained her health, which she alleged had been accomplished. She incorporated in this pleading the language from the petition for the divorce set forth above. The Appellant having demanded a jury and paid the fee, the case was tried before a jury which was unable to reach a verdict. The Court, within a month after the mistrial, entered an order increasing Rebecca's visitation rights to include one weekend per month and four weeks in July of each year, in addition to the one week per month previously granted. Within a month after the entry of this order, the Court entered another order in which it found:

" * * * that the parties have entered an agreement concerning conservatorship in compliance with Section 14.06 of the Texas Family Code; that under the terms of this agreement, Movant, Rebecca Elizabeth (Taft) Johnson, is to be appointed Managing Conservator of the child, Michael Denver Taft, at the time that Movant's health improved; that as a matter of law Movant's health has so improved; that this agreement is in the child's best interest and the parties should be ordered to perform the terms of this agreement."

The Court then removed Michael as managing conservator and named Rebecca as managing conservator, and named Michael as possessory conservator with specific visitation rights, including one week each month until Mickey reaches school age and four weeks each July. He also ordered Michael to pay child support. It is from this order changing the managing conservator that Appellant appeals.

■ The first contention is that the trial Court has denied Appellant his right to a jury trial. We agree. Section 11.13, Tex. Family Code Ann., provides for a jury trial in all suits affecting the parent-child relationship, except for adoptions. Our Legislature in 1961 provided that "[i]n any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to

that determination." General and Special Laws of Texas, Regular Session, 57th Legislature, 1961, pp. 663–664. This Statute became a part of Article 4639a. Such provision was generally carried forward into Section 11.13(b) of the Texas Family Code. See 5 Tex.Tech.L.Rev. 409 (1974). The new code had a proviso that "the court may not enter a decree that contravenes the verdict of the jury on the issues of managing conservatorship, possession of, or access to a child." The Court in *In Re Y.*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.), noted many earlier cases holding that the 1961 amendment made jury findings binding on the trial Court, and then expressly held that under the new Code provision, the jury's verdict is still binding on the Court and said:

> " * * * There is no indication in the Family Code that the legislature intended to retreat from those interpretations of the 1961 Amendment to Article 4639a. * * * "

In that case, Chief Justice Nye pointed out that, even where a change of conditions has been shown, whether a change of custody is warranted is a question for the jury, and the trial Court cannot substitute its judgment for that of the jury.

In 1974, the Legislature rewrote Subsection (b) so as to provide that the jury still has the responsibility to determine which party shall be managing conservator and which party shall be possessory conservator, and the trial Court is bound by the jury's determination of that issue. But the trial Court has been given authority to provide specific terms and conditions of access to the child, provide support requirements, and provide for the respective rights, privileges, duties, and powers of the conservators. See 8 Tex.Tech.L.Rev. 43–44 (1976). If the trial Court may change managing conservators after a hung jury, then the right to a jury trial is meaningless. The Appellant asserts that his right to a jury trial is protected by both the United States and Texas Constitutions. Article I, Sec. 15, of the Texas Constitution appears to protect the right to trial by jury, as that right existed at the time of the adoption of the Constitution in

1876. Article V, Sec. 10, which is a part of the Judiciary Article, purports to accord the right of trial by jury in the trial of every cause in the District Courts, without regard to whether the right existed at the time of the adoption of the Constitution or came into the law after the adoption of the Constitution. Harris, "Jury Trial In Civil Cases—A Problem in Constitutional Interpretation," 7 Sw.L.J. 1 at 3 (1953). Clearly, the Judiciary Article was intended to broaden the right to a jury as afforded by Article I. *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288 (Tex.1975).

Without the necessity of deciding his constitutional rights, Appellant certainly had a statutory right to a jury trial on the issue of whether there should be a change in the general care and custody of Mickey Denver Taft. Having been denied that right, we sustain his points of error which complain of denial of a jury trial.

■ The Appellee urges that this case is controlled by Section 14.06 of the Texas Family Code. It is contended that the parties had entered into an agreement that Rebecca would obtain custody of the minor child when she regained her health; further, that Appellant recognized such agreement as recited by the quoted provision from his divorce petition; and that the proof having established as a matter of law that she had regained her health, the trial Court properly carried out the agreement between the parties when it changed managing conservators. We do not believe a pleading signed by counsel for one party is a written agreement entered into by the parties, as required by Section 14.06. If the pleading constituted such agreement, it appears to only be a recognition of Rebecca's right, after regaining her health, to become managing conservator. There is no recital in the pleading that she must be appointed managing conservator at such time. There is absolutely no language in the decree of divorce that the Court had considered any written agreement as to conservatorship of the child, or that such conservatorship should be changed upon restoration of Re-

becca's health. Certainly, the Court did not order any such change to be carried out by the parties at such time as Rebecca regained her good health. Under the facts of this case, we conclude that Section 14.06 has no application.

We find no conflict between Sec. 11.13, which provides for a jury trial in suits affecting the parent-child relationship, and Sec. 14.06, which gives the Court the right to approve and order enforcement of written agreements as to conservatorship and support of a child. Sec. 14.06 applies where the parties are in agreement, while Sec. 11.13 applies where the parties cannot agree and desire to have a jury decide their dispute. But if the parties are in agreement about conservatorship and support, that agreement must be in writing in language which is clear and unambiguous so that the trial Court may approve the agreement and order that it be performed by the parties, and they may do so without further dispute as to their respective duties and obligations. That was not done in this case.

The Court's order entered on August 31, 1976, changing the managing conservator and possessory conservator for Mickey Denver Taft and requiring Michael to pay child support, is reversed and the cause is remanded, and the parties are returned to the status and position which they held under the Court's order entered on July 6, 1976, with the specific rights, privileges, duties, and powers of conservators as provided for in that order.