# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00295-CV

**Glen H. Beeler, Jr., Appellant**

**v.**

**Brenda Beeler, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
## NO. 00-2127-FC2, HONORABLE ROBERT F. B. ASKIP@ MORSE, JUDGE PRESIDING

This is an appeal from a judgment in a divorce case. Appellant Glen H. Beeler, Jr. asserts nine issues on appeal, which can be classified into four categories, complaining that the trial court erred by: (1) making findings of fact regarding visitation and child support that were based on no evidence; (2) including visitation provisions in the final divorce decree that are invalid for various reasons; (3) granting child support payments in the final decree in violation of statutorily prescribed guidelines; and (4) failing to allow appellant to make an offer of proof regarding visitation and child support.[1] We will affirm the judgment of the trial court.

---

[1] Appellee Brenda Beeler did not file a brief with this Court.

## BACKGROUND

On June 1, 1991, appellant and appellee Brenda Beeler were married. Appellant filed for divorce on November 13, 2000, and appellee answered and filed a counter petition November 15. There is one child of the marriage, a daughter who was eight years old at the time of the divorce hearing. The parties agreed to mediation and on December 11, 2000, entered into a Rule 11 stipulation and settlement agreement as a result of that mediation.

On February 15, 2001, a hearing was held to consider the mediated settlement agreement. After the date the agreement was finalized and before the hearing date, appellant lost his job and took another that paid less. At the hearing, however, the court did not allow additional evidence other than the parties= agreement and denied appellant=s request to make an offer of proof regarding child support and visitation issues. The court instructed appellant to obtain a future date from the court clerk to return and make an offer of proof. At the February 15 hearing, appellant also requested the court to make findings of fact and conclusions of law. Trial counsel for appellee prepared and the trial judge signed the findings of fact and conclusions of law, including the finding of fact indicating that the offer of proof requested by appellant was denied. On March 8, 2001, the date appellant scheduled a hearing to make his offer of proof, the court denied his motion to make the offer of proof.

## MEDIATED SETTLEMENT AGREEMENT

Before specifically addressing appellant=s issues on appeal, we will first consider the statutory provisions governing mediated settlement agreements in suits for dissolution of a marriage and suits

affecting the parent-child relationship. *See* Tex. Fam. Code Ann. '' 6.602(b), (c); 153.0071(d), (e) (West Supp. 2002).

Section 6.602, which governs suits for dissolution of a marriage, provides in part:

(b)  A mediated settlement agreement is binding on the parties if the agreement:

    (1)  provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

    (2)  is signed by each party to the agreement; and

    (3)  is signed by the party=s attorney, if any, who is present at the time the agreement is signed.

(c)  If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

And section 153.0071, which governs suits affecting the parent-child relationship, provides in part:

(d)  A mediated settlement agreement is binding on the parties if the agreement:

    (1)  provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

    (2)  is signed by each party to the agreement; and

    (3)  is signed by the party=s attorney, if any, who is present at the time the agreement is signed.

(e)  If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

The plain language of the parties= mediated settlement agreement indicates that the parties intended their agreement to be final. The first page of the agreement states, AThe parties hereto agree to settle all claims and controversies asserted and assertable between them.@ The agreement covered all issues in dispute to be decided.[2] Additionally, the agreement concludes with a separate paragraph, in a prominently displayed statement in boldface type, capitalized, and underlined: A**THIS SETTLEMENT AGREEMENT IS NOT SUBJECT TO REVOCATION.**@ Furthermore, it is undisputed that both parties and their attorneys signed the agreement. Accordingly, appellee was entitled to judgment on the mediated settlement agreement. *See id.* '' 6.602(c); 153.0071(e).[3]

---

[2] The agreement settled all claims relating to conservatorship, support, visitation, and health care of the child of the marriage in addition to the division of property and other general issues commonly resolved in a divorce settlement.

[3] Mediated settlement agreements entered into under sections 6.602 and 153.0071 of the Texas Family Code are not revocable. *See Cayan v. Cayan,* 38 S.W.3d 161, 165 (Tex. App.CHouston [14th Dist.] 2000, pet. denied); *Alvarez v. Reiser*, 958 S.W.2d 232, 234 (Tex. App.CEastland 1997, pet. denied). Unilateral withdrawal of consent does not negate the enforceability of the agreement. *Alvarez*, 958 S.W.2d at 234. Accordingly, in the present case, appellant could not repudiate the agreement, and appellee was entitled to judgment on the mediated settlement agreement.

Furthermore, we note that appellant, in his brief to this Court, fails to cite a standard of review, fails to expressly challenge the trial court=s specific fact findings or conclusions of law, and fails to cite authority for most of the contentions made in his brief. *See* Tex. R. App. P. 38.1(h).[4] Nevertheless, in the interest of justice, we will address his complaints as we discern them.

## NO-EVIDENCE CHALLENGE

---

[4] Rule 38.1(h) provides, AThe brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.@

In his first issue, appellant contends that the trial court erred by making findings of fact regarding child support and visitation based on no evidence. Appellant, however, suggests no standard of review for considering this contention. Appellant is correct that the trial court did not hear evidence on these issues. In fact, the trial court specifically states in Finding of Fact No. 26 that AFebruary 15, 2001 was not a hearing on child support or visitation or possession. No evidence was present[ed] on either issue, the appropriate motions were not filed, and child support and visitation were not properly before this Court on that date.@ At the hearing, appellant requested the trial court to alter the terms of the mediated settlement agreement because he had lost his job after the settlement agreement was finalized and because he now contends that the supervised visitation he originally agreed to is void as against public policy. The trial court denied appellant=s request. The court determined that his request to alter the terms did not result from a dispute over the interpretation of the terms of the agreement; rather, his request was an attempt to make material changes to the terms of an irrevocable mediated settlement agreement.[5] The trial court then found that the visitation provision was substantiated on the basis of the mediated settlement agreement.[6] Furthermore, the trial court made findings regarding requirements for child support based on the agreement.[7]

---

[5] Finding of Fact No. 25: AOn February 15, 2001, [appellant] asked this Court to make a ruling to change the child support and visitation terms of the irrevocable Rule 11 Stipulation and Settlement Agreement; however, this is not a dispute over interpretation. This is a request to make material changes in a [sic] irrevocable Rule 11 Stipulation and Settlement Agreement.@

[6] Finding of Fact No. 33: AThe visitation provision, which deviates from the Standard Possession Order and requires supervised visitation for [appellant], is substantiated on the evidence of the irrevocable Rule 11 Stipulation and Settlement Agreement between the parties.@

[7] Finding of Fact No. 36: ABecause neither child support nor visitation were properly before this Court, no evidence was presented on monthly net resources of the obligor or obligee. However, because the Court finds that the Rule 11 Stipulation and Settlement Agreement is valid and irrevocable, the

6

The trial court made these findings based on the parties=irrevocable mediated settlement agreement, which complied with the requirements of sections 6.602 and 153.0071 of the Texas Family Code. Appellant has not demonstrated that the trial court erred in any way. Accordingly, we overrule his first issue.

## VISITATION PROVISIONS

---

Court finds the following based on the evidence of the Rule 11 Stipulation and Settlement Agreement: . . . .@

In issues two through seven, appellant contends that the trial court erred in including visitation provisions in the final divorce decree that are invalid for a variety of reasons. All of these provisions were terms agreed upon by appellant in the parties= settlement agreement. In his second issue, appellant contends that the visitation provisions are unenforceable and therefore void.[8] Appellant claims that disinterested nonparties are required to perform under the divorce decree in order for him to visit his child. Specifically, a named Travis County Sheriff, a mutually-agreed upon adult, or a certified Texas peace officer must be present during any visitation between appellant and his child. Furthermore, these visitation restrictions continue until a named therapist recommends that the restrictions may be discontinued. Appellant contends that the court has no jurisdiction over the disinterested nonparties whose performance is required under the visitation provisions of the divorce decree. Accordingly, he contends that the failure of these nonparties to cooperate or participate preclude his access to his child with no remedy to enforce his visitation rights. At the hearing to render judgment on the mediated settlement agreement, the trial court suggested the appropriate remedy if a disinterested nonparty fails to cooperate or participate as provided in the divorce decree: appellant may file a motion to modify the decree. If, as appellant contends, the failure of a nonparty to cooperate or participate precludes his access to his child with no remedy to enforce visitation, he could assert that a modification would be in the best interest of his child and that circumstances have

---

[8] The only authority appellant cites is *In the Interest of Kasschau*, 11 S.W.3d 305 (Tex. App.CHouston [14th Dist.] 1999, no pet.). In that case, the agreement required the performance of an illegal act. *Id*. at 312-13. In the present case, appellant contends certain provisions are unenforceable; he does not claim that the agreement requires the performance of an illegal act. The *Kasschau* case is clearly distinguishable.

materially and substantially changed. *See* Tex. Fam. Code Ann. ' 156.101 (West Supp. 2002). We overrule appellant=s second issue.

In his third issue, appellant contends that the visitation provisions violate public policy. Appellant directs our attention to sections 153.001, 153.251, and 153.252 of the Texas Family Code, which encourage frequent contact between a child and each parent. *See* Tex. Fam. Code Ann. '' 153.001, .251, .252 (West 1996 & Supp. 2002). Specifically, appellant emphasizes section 153.252, which provides:

> In a suit, there is a rebuttable presumption that the standard possession order in Subchapter F [of Chapter 153]:
>
> (1) provides reasonable minimum possession of a child for a parent named as a possessory conservator or joint managing conservator; and
>
> (2) is in the best interest of the child.

*Id.* ' 153.252 (West 1996).

There is no dispute that the divorce decree in the present case did not follow the standard possession order in Subchapter F of Chapter 153 of the Texas Family Code. However, the trial court expressly stated in the decree: AThe Court finds that it is in the best interest of the child to deviate from the Standard Possession Order . . . .@ Appellant cites no authority to show that the trial court erred in deviating from the standard possession order.

Additionally, appellant complains that the divorce decree fails to state the specific reasons

for the deviation from the standard possession order. *See* Tex. Fam. Code Ann. ' 153.258 (West 1996).[9]
The divorce decree expressly provides, AThis access schedule shall continue until [appellant] has enrolled in and completed sex offender treatment at the direction of a therapist suggested or recommended by the Department of Protective and Regulatory Services, or that therapist=s referral, and [appellant] has been re-evaluated by Matt Ferrara.@ We find this statement sufficient for purposes of section 153.258, and we overrule appellant=s third issue.

In his fourth issue, appellant contends that the visitation provisions are not in the best interest of his child. Appellant does not expressly challenge a particular finding of fact or conclusion of law; rather, he simply states that the trial court erred in not permitting him to present evidence indicating that the visitation provisions included in the mediated settlement agreement were not in the best interest of his child. First, we note that appellant freely and voluntarily entered into the mediated settlement. He may now be of the opinion that the visitation provisions are not in his child=s best interest; parents involved in a divorce may

---

[9] Section 153.258 provides:

Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for the variance from the standard order.

disagree on this issue. Appellant, however, has directed us to no authority, and we have found none, that would preclude parties from entering into settlement agreements. We assume, therefore, that appellant bases his argument on his no-evidence challenge set out in his first issue. In other words, we address this issue as if appellant contends that there is no evidence to support the trial court=s findings and conclusion that the visitation provisions are in the best interest of his child. We concluded previously that the trial court based its findings regarding visitation on the evidence of the mediated settlement agreement. Specifically, the trial court made the following findings and conclusion:

Findings of Fact:

7. Supervised visits between the child and [appellant] were agreed upon by the parties.

8. The supervised visitation schedule and related conditions were set forth in the Rule 11 Stipulation and Settlement Agreement.

32. The terms for visitation and possession as set forth in the Rule 11 Stipulation and Settlement Agreement and again in the Final Decree of Divorce are in the best interest of the child.

33. The visitation provision, which deviates from the Standard Possession Order and requires supervised visitation for [appellant], is substantiated on the evidence of the irrevocable Rule 11 Stipulation and Settlement Agreement between the parties.

Conclusions of Law:

7. The possession of this child and visitation were clearly established and set forth in the binding, irrevocable Rule 11 Stipulation and Settlement Agreement. The visitation provisions which deviate from the Standard Possession Order, as set forth in the Final Decree of Divorce, are in the best interest of the child, based on the negotiated terms of the irrevocable Rule 11 Stipulation and Settlement Agreement.

We conclude that the evidence of the mediated settlement agreement is sufficient to support the trial court=s findings and conclusion that the visitation provisions are in the best interest of the child, and we overrule appellant=s fourth issue.

In his fifth issue, appellant contends that the visitation provisions are invalid because the divorce decree contains no Adecretal language.@ As appellant states, the divorce decree Acontains no language ordering either of the parties to do anything concerning possession of the child.@ He directs our attention to *Taft v. Johnson*, 553 S.W.2d 408 (Tex. App.CEl Paso 1977, writ ref=d n.r.e.). The *Taft* case is distinguishable. That case involved a motion to modify a parent-child relationship. The case was tried to a jury that was unable to reach a verdict, and the judge then rendered a modification order relying on a provision in a previous *pleading*Cnot a mediated settlement agreement. The *Taft* court indicated that the pleading relied upon by the trial judge was merely a recognition of the mother=s rights, not a direction that any particular act take place.[10] In contrast, in the present case, a mediated settlement agreement exists that provides specifically for visitation and the conditions under which the visitation will be modifiedC

> until [appellant] has enrolled in and completed sex offender treatment at the direction of a therapist suggested or recommended by the Department of Protective and Regulatory

---

[10]    The *Taft* court stated:

> If the pleading constituted such an agreement, it appears only to be a recognition of Rebecca=s rights, after regaining her health, to become managing conservator. There is no recital in the pleading that she must be appointed managing conservator at such time. There is absolutely no language in the decree of divorce that the court considered any written agreement as to conservatorship of the child, or that such conservatorship should be changed upon restoration of Rebecca=s health.

*Taft v. Johnson*, 553 S.W.2d 408, 410-11 (Tex. App.CEl Paso 1977, writ ref=d n.r.e.).

Services, or that therapist=s referral, and [appellant] has been re-evaluated by Matt Ferrara. The parties agree to follow the recommendation of Matt Ferrara and the therapist for visitation after [appellant=s] completion of the treatment requirements.

Although we agree that the decree is not artfully drafted in this regard, these provisions are sufficient, and we overrule appellant=s fifth issue.[11]

In his sixth and seventh issues, appellant contends the visitation provisions are invalid because they fail to provide him access to his child on specific dates and at specific times and fail to contain certain statutory general provisions. Appellant directs our attention to sections 153.314 and 153.316 of the Texas Family Code. *See* Tex. Fam. Code Ann. '' 153.314, .316 (West 1996). But he cites no other authority. These provisions are included in Subchapter F of Chapter 153 of the Texas Family Code. As stated previously, Subchapter F contains the provisions for the standard possession order. *See* Tex. Fam. Code Ann. ' 153.252 (West 1996). Because we have previously held that the trial court did not err in deviating from the standard possession order in the present case, the trial court did not err in failing to include standard possession order provisions. Rather, the court included the visitation provisions based on the irrevocable mediated settlement agreement entered into voluntarily by the parties. Accordingly, we overrule appellant=s sixth and seventh issues.

## CHILD SUPPORT

---

[11] Although the trial court does not use language ordering visitation (the order states when each party A*shall* have the right to possession of the child@(emphasis added)), appellant has not indicated how the language used by the court has harmed him.

In his eighth issue, appellant contends the trial court erred by including child support provisions in the final divorce decree that violate the statutory child support guidelines. *See* Tex. Fam. Code Ann. ' 154.125 (West 1996). Again, appellant cites no authority for his argument other than referencing the statute. There is no dispute that the child support agreed upon in the mediated settlement was within the statutory guidelines at the time that agreement was entered into. Subsequent to the date the agreement was finalized and before the hearing date for rendering judgment on the agreement, appellant lost his job and took another job that paid less. As a result, appellant wanted to renegotiate the mediated settlement agreement. The trial court refused, offering him his available remedy at lawChe could file a motion to modify the decree, demonstrating that circumstances have materially and substantially changed. *See* Tex. Fam. Code Ann. ' 156.401 (West Supp. 2002). Accordingly, we overrule appellant=s eighth issue.

## OFFER OF PROOF

In his ninth issue, appellant contends that the trial court erred in failing to permit him to offer evidence regarding visitation and child support. As indicated previously, appellant had entered into an irrevocable mediated settlement agreement. The issues of visitation and child support were both resolved in the settlement agreement. Accordingly, there was no need to hear evidence on these issues. The trial court explains in the following Findings of Fact:

25. On February 15, 2001, [appellant] asked this Court to make a ruling to change the child support and visitation terms of the irrevocable Rule 11 Stipulation and Settlement Agreement; however, this is not a dispute over interpretation. This is a request to make material changes in a [sic] irrevocable Rule 11 Stipulation and Settlement Agreement.

14

26. February 15, 2001 was not a hearing on child support or visitation or possession. No evidence was present [sic] on either issue, the appropriate motions were not filed, and child support and visitation were not properly before this Court on that date.

27. The Court will not change the terms of the irrevocable Rule 11 Stipulation and Settlement Agreement filed in this case.

29. The irrevocable Rule 11 Stipulation and Settlement Agreement meets the requirements of Section 6.602 of the Texas Family Code. [Appellee], Brenda Beeler, is therefore entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

30. The Rule 11 Stipulation and Settlement Agreement is accurately and correctly incorporated into the Final Decree of Divorce.

31. [Appellant=s] request for an Offer of Proof is denied.

The trial court indicated that appellant was free to file a motion to modify the final decree based on these issues. Appellant has an adequate remedy at law. We overrule appellant=s ninth issue.

## CONCLUSION

Having overruled each of appellant=s issues, the judgment of the trial court is affirmed.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: May 23, 2002

Do Not Publish