

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| IN RE: MARCELA PONCE, | § | No. 08-25-00102-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |

**<u>MEMORANDUM OPINION</u>**

Relator Marcela Ponce filed a petition for a writ of mandamus asking this Court to direct the Honorable Lyda Ness-Garcia, judge of the 383rd Judicial District Court in El Paso, Texas, to vacate portions of the "Default Final Order in Suit to Modify Parent-Child Relationship" (the Default Final Order). For the reasons explained below, we conditionally grant the writ and direct Judge Ness-Garcia to vacate the portions of the Default Final Order on the issue of conservatorship.

## I. FACTUAL AND PROCEDURAL HISTORY

Ponce and Bayona were divorced in 2022 and named joint managing conservators of their child, with Ponce being given the right to designate the child's residence. In March 2024, Ponce filed a motion to modify the parent-child relationship based on changed circumstances, claiming Bayona had abused their daughter and seeking to be appointed sole managing conservator.[1] She

---

[1] Although not relevant to our analysis, Ponce also sought the termination of Bayona's parental rights.

1

further sought temporary orders to suspend Bayona's visitation rights and be named temporary sole managing conservator. Bayona filed a general denial.

Although no temporary orders are included in the appendix to the mandamus petition (the Appendix), two documents Bayona subsequently filed in the trial court indicate that the trial court entered temporary orders regarding visitation. First, on July 16, 2024, Bayona filed a "Motion for Enforcement of Interim Order" referencing a June 2025 order and alleging Ponce had violated the order seven times[2] with respect to his right to visitation and her failure to communicate through an app as directed by the court.[3]

Second, Bayona filed a "motion for additional orders and modification of the same," again complaining that Ponce was violating the trial court's interim orders and maintaining that she would "not comply with any future orders." Bayona argued Ponce's actions constituted a "Material and Substantial Change in Circumstances" and asked the trial court to appoint and designate him "as the conservator with the exclusive right to designate the child's residence until further order of the court." He also requested "additional orders to protect the child."[4]

On November 7, 2024, the court entered an "Order to Appear" directing Ponce to appear on November 20, 2024, for a hearing on Bayona's "Motion for Enforcement." The order expressly stated that the hearing was "to determine whether the relief requested in the Motion for Enforcement should be granted, including whether [Ponce] should be immediately confined in jail."

---

[2] Bayona sought a contempt order against Ponce and jail time up to 180 days and/or a $500 fine for each violation.

[3] In his motion, Bayona alleged he and Ponce were still serving as their child's joint managing conservators. Therefore, it does not appear that the trial court granted Ponce's request to be named temporary sole managing conservator.

[4] Although not in the Appendix, it appears that the same day, Bayona's attorney sent Ponce a draft of proposed interim orders to which Ponce objected.

In its Default Final Order, however, the court stated that on November 20, 2024, it heard Ponce's "Motion to Modify the Parent Child Relationship," Bayona's "Counterpetition to Modify the Parent Child Relationship, and the Motion to Enforce Access and Possession by Contempt filed by [Bayona]."[5] The order asserted that Ponce had been "duly and properly notified of the final hearing" but failed to appear and "wholly made default." The order stated that, after hearing Bayona's evidence and argument, the court determined it was in the child's best interest for Bayona to be the child's sole managing conservator, giving him "the right to designate the primary residence of the child without regard to geographic location." The order listed several additional exclusive rights Bayona had as the sole managing conservator.

The order named Ponce the child's possessory conservator. The court stated that, because Bayona had presented "credible evidence" of a "risk of [the] international abduction" by Ponce, it immediately suspended her right to "visitations and/or access" pending further court order. The court entered a permanent injunction against Ponce prohibiting her from, among other things, interfering with Bayona's possession and going within 200 yards of the child's school and Bayona's residence.[6] Finally, the court terminated Bayona's child support obligations and ordered Ponce to pay Bayona child support.

After the trial court notified Ponce of the Default Final Order, Ponce filed a motion for new trial, contending the trial court's order deprived her of her right to a jury trial.[7] She attached an affidavit averring that she had demanded a jury trial and paid a jury fee in July 2024. Ponce argued

---

[5] The Appendix does not contain any document labeled as a "counterpetition."

[6] The court also noted in its order that Ponce had "intentionally left the jurisdiction of El Paso County Texas with an intent to forum shop" and filed an application for a protective order in a Las Cruces, New Mexico court. The court entered a permanent injunction prohibiting her "from initiating any legal proceeding outside of this Court for the sole purpose to forum shop."

[7] Ponce did not provide an explanation for her failure to attend the hearing in her motion for new trial.

that a new trial would not cause "unfairness" to the parties and would prevent the rendition of an improper judgment against her.

The trial court denied in part and granted in part Ponce's motion for new trial. The court denied the motion "as to [the] issue of conservatorship," but granted it "as to possession and access, child support, injunctions and other orders of the court with respect to the child." The court set aside its order "as to the grounds listed above until further order of the Court" and kept all temporary orders "in full effect and force."

In her petition for writ of mandamus, Ponce maintains the trial court's Default Final Order granted Bayona more relief than requested and deprived her of "fair notice" of the issues to be resolved at the November hearing. She seeks an order directing the trial court to vacate the portions of the Default Final Order that granted relief not supported by the active pleadings. In addition, Ponce contends the portion of the trial court's order leaving intact its prior temporary orders pending new trial are "ambiguous" and rendered the parties' current rights and responsibilities unclear. She asks us to direct the trial court to clarify those orders and/or vacate any portions that are inconsistent with the trial court's order granting her a partial new trial.

## II. STANDARD FOR GRANTING MANDAMUS RELIEF

Mandamus relief is an extraordinary remedy that requires the relator to demonstrate that the trial court committed a clear abuse of discretion and that she has no adequate remedy by appeal. *See In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004)); *see also Walker v. Packer*, 827 S.W. 2d 833, 837 (Tex. 1992) (orig. proceeding) (holding that relator bears the burden to properly request and show entitlement to mandamus relief).

4

### III. MANDAMUS RELIEF REGARDING THE TEMPORARY ORDERS

Ponce failed to include the trial court's temporary orders in the Appendix yet prays that this Court will direct the trial court to clarify and/or revise those orders. Rule of Appellate Procedure 52.3(k)(1)(B) requires the mandamus petitioner to include in the appendix "a certified or sworn copy of any complained of, order or any other document showing the complained of [matter]." Tex. R. App. P. 52.3(k)(1)(B). Without the complained-of-order, we lack a sufficient mandamus record from which we could grant Ponce mandamus relief with respect to those orders. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (denying mandamus relief where the record did not contain the complained-of order). Accordingly, we deny any requested mandamus relief with respect to the trial court's temporary orders.

### IV. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ITS CONSERVATORSHIP ORDERS

We next consider whether the trial court committed a clear abuse of discretion when it left intact the portion of its Default Final Order on the issue of conservatorship.[8]

"A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kappmeyer*, 668 S.W.3d at 655 (citing *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018)). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *See In re Prudential*, 148 S.W.3d at 135. Therefore, if the trial court fails to analyze or apply the law correctly, it has clearly abused its discretion. *In re Kappmeyer*, 668 S.W.3d at 655.

---

[8] In her petition, Ponce appears to be complaining about the portions of the Default Final Order denying her access to her child and directing her to pay child support. However, as those portions of the order were vacated, the only issue before us is whether the trial court abused its discretion in refusing to vacate the issue of conservatorship.

## A. Whether Ponce made an adequate request for relief in the trial court

Before addressing the merits of Ponce's argument, we address Bayona's contention that Ponce is not entitled to mandamus relief because the argument she made in her motion for new trial differs from the argument she makes in her petition for mandamus. In general, an extraordinary writ will not issue "against a trial court judge on a ground that was never presented in the trial court and that the trial judge thus had no opportunity to address." *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (recognizing that "[m]andamus relief generally requires a predicate request for an action and a refusal of that request") (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 556 (Tex. 1990)). But "the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality." *Id.* at 814–15 (citing *In re Tex. Best Staff Leasing, Inc.*, No. 01-08-00296-CV, 2008 WL 4531028, at *5 (Tex. App.—Houston [1st Dist.] Oct. 9, 2008, no pet.) (mem. op.)).

In her motion for new trial, Ponce asked the trial court to vacate its Default Final Order, which included the conservatorship issue, contending the trial court's order deprived her of her fundamental right to a jury trial. As discussed below, the trial court's granting a new trial on everything but conservatorship—the matter for which Ponce had a right to a jury trial—was fundamentally flawed and directly relates to the "fair notice" issue she raises in her mandamus petition. We therefore conclude that it would have been futile for Ponce to make a second request for a new trial on the conservatorship issue.[9]

[9] Moreover, conservatorship determinations involve critical child welfare issues for which "[j]ustice demands a speedy resolution." *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We therefore decline to delay the matter further by requiring Ponce to make a second request with the trial court to vacate the conservatorship order.

Accordingly, we will exercise our discretion to consider the arguments Ponce makes in her petition that the trial court granted Bayona more relief than requested and deprived her of fair notice of the issues to be resolved at the November 20 hearing.

### B. Whether Ponce was deprived of fair notice that the trial court intended to rule on conservatorship at the November hearing

A trial court's judgment must conform to the parties' pleadings, and a trial court may not grant relief that exceeds the scope of the relief requested by the parties in their pleadings. *See* Tex. R. Civ. P. 301 ("[t]he judgment of the court shall conform to the pleadings"). It is therefore well-established that a judgment not supported by the pleadings is erroneous. *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983); *see also Lynch v. Lynch*, 540 S.W.3d 107, 135 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (recognizing that "[a] judgment not supported by the pleadings is erroneous" particularly when the judgment is by default). A party's pleadings must give "fair notice" to the opposing party of his "cause of action and the relief sought." *Lynch*, 540 S.W.3d at 134 (citing *In re Marriage of Day*, 497 S.W.3d 87, 90 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)).

Bayona contends the trial court's order appointing him sole managing conservator was supported by the pleadings and Ponce was given fair notice that he was seeking a conservatorship ruling. In support, he points to his request in his motion for additional orders in which he "invoked the legal standard of 'material and substantial change in circumstances' and sought expanded rights including conservatorship changes." He further notes that, in his motion, he requested additional orders to protect the child's welfare. According to Bayona, the trial court therefore had the "discretion to grant relief that [was] consistent with the general prayer for relief in the pleadings," and the court did that by appointing him sole managing conservator after finding that it was in the child's best interest and necessary to protect the child's welfare. We disagree.

In his motion, Bayona sought to be appointed the "conservator with the exclusive right to designate the child's residence until further order of the court." At the time, Ponce and Bayona were joint managing conservators, with Ponce having the right to designate the child's residence. As joint managing conservators, unless the court specifies otherwise, the parents share various responsibilities for making decisions pertaining to the child's health, education, and welfare. Tex. Fam. Code Ann. § 153.073. But when the trial court appoints a parent as the "sole managing conservator," that parent may be given a litany of "exclusive rights," which includes not only the right to designate the child's residence but the rights to make independent decisions regarding the child's health, education, and welfare, without consulting with the other parent, and the right to maintain control over the child's passport. *Id.* § 153.132. Bayona did not seek to be appointed the child's sole managing conservator. In appointing Bayona the sole managing conservator in its Default Final Order, the trial court gave Bayona all of the exclusive rights set forth in the Code, rather than just the right to designate the child's residence as requested in his motion. Accordingly, Bayona's pleadings did not give Ponce fair notice that he sought to be named sole managing conservator with the attendant rights set forth in the Default Final Order.

Moreover, in his motion, Bayona did not request a *final order* on conservatorship, instead asking the trial court to appoint him as the conservator with the right to designate the child's residence "until further order of the court." Nothing in Bayona's pleadings would have put Ponce on notice that he was asking for the matter to be set for trial on the issue of conservatorship. Nor did the trial court's "Order to Appear" provide Ponce with notice that this would be the subject of the November 20 hearing. Instead, as set forth above, it directed Ponce to appear at a November 20, 2024 hearing on Bayona's motion for enforcement, stating only that it was to determine

8

whether to hold Ponce in contempt for violating the court's interim or temporary orders on visitation. Bayona's motion for enforcement did not seek a conservatorship modification.

The Default Final Order stated that it "heard" Ponce's Motion to Modify the Parent-Child Relationship at the November 20 hearing. Texas Rule of Civil Procedure 245 provides that a "[c]ourt may set contested cases on written request of any party . . . with reasonable notice of not less than forty-five days to the parties of a first setting for trial . . . ." *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.) (citing Tex. R. Civ. P. 245). "A trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing, to voice her objections in an appropriate manner, and results in a violation of fundamental due process." *Id.* (citing *Platt v. Platt*, 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.)); *see also Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex. App.—Corpus Christi– Edinburg 1994, no writ) (recognizing same) (citing *Armstrong v. Manzo*, 380 U.S. 545, 550, (1965)); *In re K.M.L.*, 443 S.W.3d 101, 119–20 (Tex. 2014) (recognizing that the failure to give notice under Rule 245 "result[s] in a violation of fundamental due process"); *In re Brilliant*, 86 S.W.3d 680, 693 (Tex. App.—El Paso 2002, no pet.) (recognizing that a party who has timely answered or appeared in a contested case "is entitled to notice of a trial setting as a matter of due process").

The Appendix does not contain a notice of trial setting and certainly not one giving Ponce 45 days' notice of the setting. Instead, the Appendix contains only an Order to Appear dated November 7, 2024, ordering her to appear only 13 days later for a contempt hearing. Bayona appears to concede that this was the only notice Ponce received of the November 20 hearing. This notice certainly did not provide Ponce with fair notice of the rights at stake at the hearing.

Finally, the lack of fair notice that the conservatorship issue was to be resolved at the hearing impinged on Ponce's jury-trial right. The Texas Family Code provides the right to a jury verdict on conservatorship issues, including the question of whether one parent may be appointed a sole managing conservator. *See* Tex. Fam. Code Ann. § 105.002 (c)(1) ("a party is entitled to a verdict by the jury and the court may not contravene a jury verdict on the issues of: (A) the appointment of a sole managing conservator"); *see also In re A.S.*, 241 S.W.3d 661, 665 (Tex. App.—Texarkana 2007, no pet.) ("The right to a binding jury verdict on the statutorily enumerated issues includes such a verdict on a petition to modify") (citing *Lenz v. Lenz*, 79 S.W.3d 10, 19–20 (Tex. 2002); *Taft v. Johnson*, 553 S.W.2d 408, 410 (Tex. App.—El Paso 1977, writ ref'd n.r.e.)).

Bayona maintains that Ponce waived her right to a jury trial by failing to appear at the November hearing. Bayona is correct that, in general, a party who fails to appear at trial after filing an answer waives a right to a jury trial. *See* Tex. R. Civ. P. 220 ("Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury."). But this is only true if the party who failed to appear received adequate notice of a trial setting, as required by Rule 245. *See In re R.K.P.*, 417 S.W.3d 544, 551 (Tex. App.—El Paso 2013, no pet.) (recognizing that "[w]hen a party has appeared, she is entitled to notice of trial pursuant to Rule 245") (citing *Blanco*, 20 S.W.3d at 811); *Turner v. Ward*, 910 S.W.2d 500, 505 (Tex. App.—El Paso 1994, no writ)). Because Ponce did not receive adequate notice that the trial court intended to hold a final hearing on the issue of conservatorship, we decline to find that she waived her right to a jury trial on that issue.

Accordingly, we agree with Ponce that the trial court clearly abused its discretion in refusing to vacate the portion of its Default Final Order relating to the issue of conservatorship.

## V. PONCE DOES NOT HAVE AN ADEQUATE REMEDY AT LAW

Last, we consider whether Ponce has an adequate remedy by appeal to address the trial court's abuse of discretion. In general, there is no fixed or rigid meaning of the term "adequate." *In re Prudential*, 148 S.W.3d at 136. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *Id.*

As Bayona notes, a party has the right to appeal a conservatorship order on final judgment. *See In re Curb*, No. 07-23-00014-CV, 2023 WL 1781812, at *2 (Tex. App.—Amarillo Feb. 6, 2023, no pet.) (mem. op.) (recognizing that "[a] suit to modify possession, access, and conservatorship . . . is a 'new suit' and results in a final and appealable order") (citing *In re Velez-Uresti*, 361 S.W.3d 200, 202 (Tex. App.—El Paso 2012, pet. denied)). Given the trial court's decision to vacate the various portions of the order denying her access to her child, Bayona argues Ponce is not facing any "immediate harm warranting mandamus relief," and "an appeal of the final order after new trial will suffice if needed."

We not only consider whether Ponce will suffer any "immediate harm" in determining whether the error in this case can be adequately addressed on appeal; we may also consider whether the "parties stand to lose their substantial rights" if mandamus is not granted. *Walker*, 827 S.W.2d at 842. In the context of child-custody proceedings, conservatorship issues are of constitutional magnitude to a parent, critical to child welfare, and demanding of an expeditious resolution, thereby supporting mandamus relief in such cases. *See In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (granting mandamus relief where trial court's order deprived the relator of the right to a jury trial on the issue of conservatorship) (citing *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (granting mandamus relief from trial court's failure to transfer custody dispute to mandatory venue)); *see also In re Baker*, 495 S.W.3d 393, 397 (Tex.

App.—Houston [14th Dist.] 2016, no pet.) (recognizing that an appeal was not an adequate remedy for the trial court's legal error in denying party's request for a jury trial and overruling her objection to the referral to the associate judge); *In re Bird*, No. 12-18-00291-CV, 2019 WL 210829, at *4 (Tex. App.—Tyler Jan. 16, 2019, no pet.) (mem. op.) (granting mandamus relief where the trial court committed a clear abuse of discretion by failing to grant party's motion to transfer venue in child custody case as required by the Family Code, concluding that waiting to address issue on final judgment would not protect the rights of the parents and children involved).

Given the need for a speedy resolution of conservatorship issues and the harm caused by a delay in resolving custody issues, it would not be in a child's best interest to allow a trial to go forward—despite knowing it will be reversed on appeal—thereby inevitably requiring "a second trial before parental rights and obligations can be established." *In re Reiter*, 404 S.W.3d at 611 (citing *Proffer*, 734 S.W.2d at 673 ("Justice demands a speedy resolution of child custody and child support issues.")); *see also In re Montelongo*, 586 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (recognizing that a "child affected by the underlying case should not suffer the delay of a second trial before parental rights and obligations can be established").

In the present case, Ponce's substantial rights were affected by the trial court's Default Final Order, as she was not given fair notice that the trial court intended to hold a trial on the issue of conservatorship at the November 20 hearing. The fact that the trial court has refused to vacate the portion of its Default Final Order appointing Bayona sole managing conservator will predetermine many of the issues to be decided at the new trial, such as who will be entitled to designate the child's residence and who will be required to pay child support. *See, e.g.*, Tex. Fam. Code Ann. § 153.132 (listing the sole managing conservator's exclusive rights unless modified by

the trial court). Thus, allowing the trial to go forward in this procedural posture will inevitably necessitate a second trial.

Accordingly, we conclude that Ponce lacks an adequate remedy at law to correct the trial court's abuse of discretion.

## VI. CONCLUSION

We conditionally grant Ponce's petition for a writ of mandamus and direct the trial court to vacate the portion of its Default Final Order on the issue of conservatorship, and to conduct further proceedings consistent with this opinion. The writ will only issue if the trial court fails to do so.[10]

IT IS SO ORDERED this 27th day of June 2025.


LISA J. SOTO, Justice


Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[10] Ponce also moved to disqualify an attorney who, along with Bayona's trial attorney, filed a response to Ponce's petition for mandamus on Bayona's behalf in this Court. The basis for the motion was an alleged conflict of interest. After the motion was filed, that attorney filed a motion to withdraw from his representation of Bayona. We hereby grant the motion to withdraw, and in turn, we deny Ponce's motion to disqualify the attorney as moot. Ponce also moved to strike Bayona's response, contending that the attorney who filed the response lacked the authority to do so in part because he was "subject to disqualification" and because he later withdrew from his representation of Bayona. We deny that motion, as the response was jointly filed with another attorney—one who represented Bayona at trial.