**BANK OF HOUSTON, Relator,**

v.

**Honorable Frank O. WHITE, District Judge, Respondent.**

No. C14–87–00093–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 13, 1987.

Sam W. Davis, Jr., Houston, for appellant.

Craig S. Wolcott, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

On February 5, 1987, Bank of Houston, Relator, with leave of this court, filed its petition for a writ of mandamus against Honorable Frank O. White, Judge of the 295th District Court of Harris County. In its petition Relator seeks to have this court order Judge White to cease the trial of Cause No. 84–45659, styled *Ed Thomas v. Bank of Houston and Ernest Hogue* without a jury and to vacate his ruling granting the motion of Ed Thomas to remove the case from the jury docket. Relator also requests that Judge White be ordered to reinstate said Cause No. 84–45659 on the jury docket for trial by a jury.

On February 5, 1987, this court granted emergency relief by enjoining Judge White from proceeding with the nonjury trial of said cause, said injunction to remain in effect until further order of this court.

Cause No. 84–45659 was filed and a jury fee was paid on July 19, 1984. On October 14, 1985, and again on October 25, 1985, Ed Thomas, plaintiff in said cause, by and through this attorney of record, filed Trial Certification Requests, certifying that the case was ready for trial and designating the trial was to be a jury trial. In their briefs before this court Respondent, Judge White, and the real party in interest, Ed Thomas, concede that Thomas had done everything necessary to establish his right to a trial by jury. They recognize that designation of the case for trial by jury on the Trial Certification Requests constituted an application for a jury trial under Tex.R. Civ.P. 216; and this court so held in *Anil Sheth, M.D., v. Hon. Frank O. White, Judge 295th Judicial District*, 722 S.W.2d 805 (Tex.App.—Houston [14th Dist.] 1987). They argue that this case is different from *Sheth* because in *Sheth* the plaintiff filed a motion to withdraw the case from the jury docket and in *Thomas* the plaintiff filed no such motion but merely waived his right to a jury trial by withdrawal of his application for a jury trial. They also argue that Tex.R.Civ.P. 220 is not applicable in the instant case because that rule only prohibits a *party* from withdrawing the case from the jury docket and in the instant case the trial judge, not the party plaintiff, withdrew the case from the jury docket. We hold these arguments are without merit. The purpose of Rule 220 is to ensure that a case will not be removed from the jury docket once it properly has been placed thereon if any party adversely affected objects to such removal. The causes cited by Respondent and the real party in interest are not on point. Relator timely objected to removal of the case from the jury docket, and under the plain provisions of Tex.R.Civ.P. 216 and 220, Respondent was not authorized to withdraw or remove the case from the jury docket.

Therefore, the petition for writ of mandamus is conditionally granted. Respondent, Honorable Frank O. White, Judge of the 295th District Court, Harris County, Texas, is ordered to vacate his order that Cause No. 84–45659, styled *Ed Thomas v. Bank of Houston and Ernest Hogue* be tried

before the court without a jury and is further ordered to reinstate said cause on the jury docket for a trial by a jury. Writ of mandamus will issue if Respondent fails to comply with the order of this court.