

NUMBER 13-12-00167-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| THEATRE COUNCIL PRODUCTIONS, LTD., | Appellant, |
| v. | |
| CITY OF HARLINGEN, | Appellee. |

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria
Memorandum Opinion by Justice Benavides**

By seven issues, Theatre Council Productions, Ltd. (TCP), appeals a final judgment rendered in favor of appellee, the City of Harlingen (Harlingen). We reverse

and remand.

# I. BACKGROUND

This appeal involves a commercial dispute between Harlingen and TCP over the refund of ticket sales for various Broadway musical performances that did not go on as planned during the 2008–2009 "Spotlight Series" at the Harlingen Municipal Auditorium.

In its original petition, Harlingen[1] alleged causes of action against TCP for breach of fiduciary duty, breach of contract, and conversion. Harlingen sought damages, attorney's fees, and requested a jury trial. TCP filed an original answer and general denial. On September 30, 2011, Harlingen filed a court-ordered pre-trial order which stated that Harlingen requested a non-jury trial. At a final pre-trial conference on October 13, 2011, Harlingen announced ready, while TCP objected to the removal of the cause from the jury docket to the non-jury docket and made an oral motion for continuance, which was denied. The trial court scheduled the matter for trial on October 18, 2011.

Prior to the commencement of the bench trial, TCP again objected to the withdrawal of the case from the jury docket to the non-jury docket, but otherwise announced ready. The trial court noted TCP's objection, overruled it, and proceeded with a bench trial on the merits. The trial court rendered final judgment in Harlingen's favor and ordered TCP to pay Harlingen $58,996.88, plus post-judgment interest and court costs, as well as attorney's fees. This appeal followed.

---

[1] Through various assignments of claims, the City of Harlingen brought suit on behalf of ticketholders, who were not refunded money by TCP after the shows were cancelled. The City of Harlingen paid refunds instead to ticketholders in exchange for the assignments of claims, if any, against TCP.

## II.    RIGHT TO A JURY TRIAL

By its seventh issue, TCP asserts that it was deprived of its right to a trial by jury.

## A.    Standard of Review

The United States and Texas Constitutions guarantee the right to a trial by jury. *See* U.S. CONST. art. III, § 2; TEX. CONST. art. I, § 15.   We review a trial court's denial of a jury demand for an abuse of discretion.   *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).   In reviewing for an abuse of discretion, we analyze the entire record.   *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987).   We only find an abuse of discretion when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles.   *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B.    Discussion

TCP argues that it relied upon Harlingen's jury demand and did not waive the withdrawal of the case from the jury docket.   We believe that a timeline of relevant events is helpful in this case.

| | |
|---|---|
| August 21, 2009: | Harlingen files Plaintiff's Original Petition, demands a trial by jury, and pays jury fee. |
| August 12, 2010: | Trial court sets case for jury trial on February 28, 2011. |
| February 14, 2011: | Trial court grants motion for continuance and orders parties to complete mediation within sixty days. |
| April 15, 2011: | Parties notify court that mediation was unsuccessful. Trial court sets jury trial for October 17, 2011 and sets pre-trial order due date on September 16, 2011. |

August 31, 2011:   Trial court extends pre-trial order due date until September 23, 2011.

September 23, 2011:   Trial court extends pre-trial order due date until September 30, 2011.

September 30, 2011:   Harlingen files pre-trial order which requests a non-jury trial rather than a jury trial.

October 13, 2011:   Harlingen announces "ready." TCP objects to placement on non-jury docket and makes oral motion for continuance which is denied. Trial court sets cause for a bench trial on October 18, 2011.

October 18, 2011:   TCP again objects to non-jury setting, which the trial court overrules. Bench trial proceeds on the merits.

Texas Rule of Civil Procedure 220 provides that:

When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested.

TEX. R. CIV. P. 220. Under this rule, an opposing party may rely on another party's jury demand, when a demand is made and a fee is paid. *See Rhyne*, 925 S.W.2d at 666; *see also* TEX. R. CIV. P. 216, 220. In other words, a trial court may not remove the case from the jury docket over the objections of the opposing party. *See Rhyne*, 925 S.W.2d at 666. The purpose of Rule 220 is to ensure that a case will not be removed from the jury docket once it properly has been placed thereon if any party adversely affected objects to such removal. *See Bank of Houston v. White*, 737 S.W.2d 387, 388 (Tex. App.—Houston [14th Dist.] 1987) (orig. proceeding).

The record shows that up until September 30, 2011, when Harlingen filed its pre-trial order, this case was set on the trial court's jury docket. Then, TCP unsuccessfully objected twice to the trial court's removal of the case from jury docket

4

to the non-jury docket. On October 18, 2011, the trial court explained its denial of TCP's objection by stating the following:

> [. . . .] For the record the joint pretrial orders were due 30 days before and actually those kinds of issues in terms of requesting a jury should have been done timely.

Here, the record shows that a jury demand was made and paid by Harlingen more than two years prior to trial, and the trial court set the case on its jury docket. As such, TCP was entitled, as a matter of law, to rely on that jury setting. *See Rhyne*, 925 S.W.2d at 666. Removing the cause from the jury docket, based on Harlingen's pre-trial order, eighteen days prior to trial without giving TCP a reasonable time to comply with the Rule 216 requirements for making its own jury demand and paying the fee amounted to an abuse of discretion. *Cf. id.* ("For the trial court to vacate or change its order [setting a case on the jury docket], [the trial court] must have given the parties a reasonable time to comply with Rule 216 requirements for making a jury demand and paying the fee."); *see also* TEX. R. CIV. P. 216.

Because we hold that the trial court abused its discretion, we next determine whether the trial court's error was harmful and requires reversal. *See* TEX. R. APP. P. 44.1(a). The wrongful denial of a jury trial is harmful when the case contains material fact questions. *See Rhyne*, 925 S.W.2d at 667; *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991). Here, the record indicates several material fact questions were presented to the trial court, including the resolution of all of Harlingen's alleged causes of action, the extent of Harlingen's damages, and an award of attorney's fees. Therefore, the denial of the jury trial was harmful error and requires reversal. *See Rhyne*, 925

5

S.W.2d at 667.

TCP's seventh issue is overruled.[2]

### III. CONCLUSION

We reverse the trial court's judgment and remand this case for a new trial before a jury.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
22nd day of August, 2013.

---

[2] Because we dispose of this case on the issue of TCP's denial of a right to trial by jury, we do not reach TCP's other issues on appeal that challenge the legal and factual sufficiency of the trial court's judgment. *See* TEX. R. APP. P. 47.1.