**Opinion issued July 23, 2019**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――

## NO. 01-19-00139-CV

―――――――――――――

## IN RE JENNIFER WEBB-GOETZ, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Jennifer Webb-Goetz ("Webb"), has filed a petition for writ of mandamus, seeking an order directing the respondent[1] to vacate her denial of Webb's request for a jury trial in a suit to modify the parent-child relationship.

We conditionally grant the petition, in part, and deny the petition, in part.

---

[1] Respondent is The Honorable Gloria E. Lopez, presiding judge of the 308th District Court of Harris County, Texas. The underlying suit is *In re E.A.G. and Z.T.G., Minor Children*, No. 2010-56180 (308th Dist. Ct., Harris Cty., Tex.).

## Background

Webb and real party in interest, Joseph Goetz ("Goetz"), divorced in December 2010. In their divorce decree, the trial court named Webb and Goetz the joint managing conservators of their two children, ordered Goetz to pay child support, and ordered that

> the primary residence of the children shall be within ten[] miles of [address] Harris County, Texas, and the parties shall not remove the children from within ten[] miles of [address] Harris County, Texas for the purpose of changing the primary residence of the children until the right to designate the primary residence is modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

The terms of the decree included that Webb and Goetz each had an "independent right, after consultation with the other parent conservator, to consent to medical and dental treatment" for the children.

In October 2016, Goetz filed a petition to modify the parent-child relationship. In his petition, as amended, Goetz sought the exclusive right to determine the primary residence of the children and the exclusive right, after consultation with Webb, to consent to medical and dental treatment for the children. Goetz further sought to modify the child support order and the terms and conditions of Webb's possession of the children.

In January 2017, Webb filed a counterpetition to modify the parent-child relationship. She sought the exclusive right to designate the primary residence of

2

the children and, asserting that Goetz was purposefully underemployed, sought to modify the child support order.

On August 28, 2018, Goetz filed a request for a jury trial and paid the fee. The case was set for a jury trial on February 4, 2019.

On February 1, 2019, the trial court conducted a telephonic pretrial conference that was not recorded. It is undisputed that, during the conference, Goetz withdrew his request for a jury trial and that the trial court reset the case for a bench trial on March 4, 2019. The mandamus record shows that, later on February 1, 2019, Webb filed a written request for a jury trial and paid the fee. In her request, Webb stated that, during the conference, Goetz had unilaterally withdrawn his request for a jury trial over her objection.

On February 27, 2019, the trial court conducted a pretrial hearing, in part, on Webb's written request for a jury trial. During the hearing, a record of which has been filed in the instant proceeding, the trial court heard argument of counsel and admitted documentary evidence. Testimony was not presented. Counsel for Goetz argued that Webb's request for a jury trial constituted a dilatory tactic. Specifically, Goetz asserted, notwithstanding the timeliness of Webb's request, she had previously delayed trial by changing attorneys, had previously failed to timely respond to discovery, and had failed to prosecute her counterclaims. The trial court noted that the case had been on file for over two years and had been reset for trial 13

3

times by one or both parties. The trial court warned that if it granted Webb's request for a jury trial, it would not reset trial again. The trial court stated, "If you [counsel for Webb] ask for a jury trial and I grant it, you are going to a jury on Monday [March 4, 2019]." Counsel for Webb responded, "That's what we want." Goetz argued, "Even if you [trial court] push the case to trial on Monday and have the trial by jury, you should not reward the kind of behavior essentially that [Webb] has engaged in throughout the context of this lawsuit." The trial court then orally denied Webb's request for a jury trial and ordered the parties to appear, as scheduled, for a bench trial on Monday, March 4, 2019.

Webb filed the instant petition for writ of mandamus, seeking an order directing the respondent to vacate her denial of Webb's request for a jury trial.[2]

## Standard of Review and Legal Principles

To be entitled to mandamus relief, a relator must demonstrate (1) that the trial court clearly abused its discretion and (2) that the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d

---

[2] This Court granted Webb's motion to stay the underlying proceeding in the trial court, pending resolution of the petition for writ of mandamus.

4

379, 382 (Tex. 2005); *In re United Servs. Auto. Ass'n*, 521 S.W.3d 920, 926 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding).

The Texas Constitution guarantees that the right to a trial by jury "shall remain inviolate." TEX. CONST. art. I, § 15; *see also* TEX. CONST. art. V, § 10. Texas Family Code section 105.002 provides that, with exceptions inapplicable to this case, a party may demand a jury trial in a suit affecting the parent-child relationship. TEX. FAM. CODE § 105.002(a), (b). Section 105.002 further provides that a party is "entitled to a verdict by the jury and the court may not contravene a jury verdict" on the issues of conservatorship, which joint managing conservator has the exclusive right to designate the primary residence of the child, and any geographic restrictions. *Id.* § 105.002(c)(1); *see also Lenz v. Lenz*, 79 S.W.3d 10, 20 (Tex. 2002) ("[T]he Legislature specifically included primary residence on the list of issues for which a jury's verdict is binding."); *In re Reiter*, 404 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding) ("The purpose of enacting section 105.002 was to distinguish binding jury findings from advisory ones.").

Once a jury decides the foundational issues, i.e., conservatorship and right to establish primary residence, the trial court determines the attendant terms and conditions. *See In re Reiter*, 404 S.W.3d at 611. A trial court "may not submit to the jury" questions on the issues of:

    (A)    support under Chapter 154 or Chapter 159;

5

(B)     a specific term or condition of possession of or access to the child; or

(C)     any right or duty of a conservator, other than the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child . . . .

TEX. FAM. CODE § 105.002(c)(2); *see In re Reiter*, 404 S.W.3d at 611 (stating that section 105.002(c)(2) prohibits trial court from delegating to jury task of modifying statutory default allocation of rights and duties of conservators).

Procedurally, to be entitled to a jury trial, a party must file a written request with the clerk of the court "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216; *see also* TEX. CONST. art. V, § 10; TEX. FAM. CODE § 156.004 ("The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter."). A request for a jury trial made in advance of the thirty-day deadline is presumed to have been made at a reasonable time before trial. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991); *Sims v. Fitzpatrick*, 288 S.W.3d 93, 102 (Tex. App.—Houston [1st Dist.] 2009, no pet.). A party may rebut the presumption by showing that granting a jury trial would (1) injure the adverse party, (2) disrupt the trial court's docket, or (3) impede the handling of the court's business. *Sims*, 288 S.W.3d at 102. In the absence of such evidence, however, a trial court abuses its discretion by denying a timely filed request for a jury trial. *Id.* at 103. That is, "a trial court should accord the right to jury trial if it can be done

6

without interfering with the court's docket, delaying trial, or injuring the opposing party." *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997). Once "any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested." TEX. R. CIV. P. 220.

## Analysis

Webb argues that she is entitled to mandamus relief because the trial court abused its discretion in denying her timely filed request for a jury trial.[3] Webb asserts that Goetz did not present any evidence to rebut the presumption that her request was reasonable. Webb further asserts that there is not an adequate remedy by appeal.

### I. *Abuse of Discretion*

It is undisputed that, based on Goetz's August 2018 request, the underlying case was initially set for a jury trial on the February 4, 2019 docket. It is further undisputed that three days before trial, on February 1, 2019, Goetz withdrew his request and the trial court reset the case for a non-jury trial on the March 4, 2019

---

[3] Webb also argues that she is entitled to mandamus relief because the trial court, during the February 1, 2019 conference, withdrew the case from the jury docket over her objection. Texas Rule of Civil Procedure 220 prohibits the parties and trial court from withdrawing a case from the jury docket over a party's objection. TEX. R. CIV. P. 220; *Bank of Hous. v. White*, 737 S.W.2d 387, 388 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding). As noted, however, there is not a record of the February 1, 2019 conference before us. *See* TEX. R. APP. P. 52.3(k)(1), 52.7(a).

7

docket. The record shows that at 9:37 p.m. on February 1, 2019, i.e., after trial was reset for March 4, 2019, Webb filed a written request for a jury trial and paid the fee. *See* TEX. R. CIV. P. 216. The record further shows that Goetz conceded in the trial court: "It is undisputed that [Webb's] request for jury trial was filed more than 30 days in advance of the trial date in this case, having been filed 31 days before trial. [Webb] therefore enjoys the presumption of having timely filed her request." Thus, Webb's request for a jury trial was timely filed and is presumed to have been made at a reasonable time before trial. *See Halsell*, 810 S.W.2d at 371; *Sims*, 288 S.W.3d at 102.

To rebut the presumption that Webb's timely request for a jury trial was reasonable, Goetz was required to present evidence in the trial court that granting Webb's request would (1) injure Goetz, (2) disrupt the trial court's docket, or (3) impede the handling of the court's business. *See Sims*, 288 S.W.3d at 102.

Goetz argued in the trial court that granting Webb's request for a jury trial would injure him because it would "delay the trial" and "significantly increase the cost of this case." He presented no evidence in support. *See id.* Goetz complained that Webb had *previously* delayed trial by changing attorneys, had *previously* delayed or ignored discovery, and had not diligently prosecuted her counterclaims. However, he presented no evidence that granting Webb's request would disrupt the trial court's docket or impede the handling of court business. *See id.*

8

Notably, the record shows that, from August 2018 to February 1, 2019, this case was set to go to a jury on February 4, 2019. And, it was not until three days before trial that the trial court reset the case for a non-jury trial on the March 4, 2019 docket. Importantly, the record of the February 27, 2019 hearing shows that the trial court stated that it could set the case on the jury docket for Monday, March 4, 2019. The trial court stated: "If you [Webb] ask for a jury trial and I grant it, you are going to a jury on Monday [March 4, 2019]." And, Webb responded, "That's what we want." Goetz also acknowledged at the hearing that the case could be set for a jury trial on Monday, March 4, 2019. He simply complained that doing so would "reward" Webb for past behavior. The trial court then orally denied Webb's request and retained the case on the non-jury docket.[4]

Again, "a trial court should accord the right to a jury trial if it can be done without interfering with the court's docket, delaying trial, or injuring the opposing party." *Gen. Motors Corp.*, 951 S.W.2d at 476. Goetz did not present any evidence

---

[4]    Mandamus relief may be based on oral order that is "clear, specific, and enforceable" and "adequately shown by the record." *In re Groves*, No. 01-15-00537-CV, 2016 WL 921645, at *2–3 & n.3 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of."); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding). Here, we have been provided with the record of the hearing containing the trial court's ruling on Webb's request for a jury trial. *Cf. In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (noting that mandamus record must include either trial court's written order or "reporter's record reflecting an oral ruling in open court").

that granting Webb's request for a jury trial, rather than a non-jury trial, on the same date would interfere with the court's docket, delay trial, or cause him injury. *See id.* Thus, we hold that the trial court abused its discretion in denying Webb's request for a jury trial—insofar as the parties seek a determination of which party will have the exclusive right to designate the primary residence of the children. *See* TEX. FAM. CODE § 105.002(c)(1); *Lenz*, 79 S.W.3d at 20 ("[T]he Legislature specifically included primary residence on the list of issues for which a jury's verdict is binding."); *see also* TEX. FAM. CODE § 105.002(c)(2) (providing that trial court may not submit questions to jury on issues of child support, terms and conditions of possession, or rights and duties of conservators); *see, e.g.*, *In re Reiter*, 404 S.W.3d at 611 (holding that plaintiff was entitled to jury trial on conservatorship issue, but that section 105.002(c)(2) prohibited trial court from delegating to jury task of modifying statutory default allocation of rights and duties of conservators).

## II. *Adequacy of Appeal*

Generally, there is no right to mandamus relief if there is an adequate remedy by appeal. *In re Reece*, 341 S.W.3d at 364. The Texas Supreme Court and this Court have held, however, that the denial of a jury trial may be reviewed by appeal or by mandamus. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004) ("[T]he denial of trial by jury is also reviewable by mandamus."); *In re Reiter*, 404 S.W.3d at 611. In determining whether an error can be adequately addressed on

10

appeal, the "concept of adequacy is neither fixed nor rigid." *In re Reiter*, 404 S.W.3d at 611 (citing *In re Prudential*, 148 S.W.3d at 136).

"Justice demands a speedy resolution of child custody . . . issues." *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987). Thus, courts have granted mandamus relief in the sensitive context of child-custody proceedings. *In re Reiter*, 404 S.W.3d at 611; *see, e.g.*, *Powell v. Stover*, 165 S.W.3d 322, 323 (Tex. 2005) (orig. proceeding); *In re Forlenza*, 140 S.W.3d 373, 379 (Tex. 2004); *In re Lau*, 89 S.W.3d 757, 759–60 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding). "Lawsuits involving child-custody determinations touch on parents' constitutional interests and important issues affecting children's welfare." *In re Reiter*, 404 S.W.3d at 611 (citing *In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003)).

Under the circumstances of this suit to modify the parent-child relationship, which has been on file for over two years, has been reset for trial at least 13 times, and in which a right to a jury trial is clearly shown, we hold that the trial court's error in denying Webb's request for a jury trial cannot be adequately remedied on appeal following a bench trial. *See id.* The parties and children would be required to endure a trial for naught. *See id.*; *see also Prudential*, 148 S.W.3d at 136 ("Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss . . . and [to] spare private parties and the public the time and money utterly wasted enduring

11

eventual reversal . . . ."); *Halsell*, 810 S.W.2d at 372 (holding trial court erred in denying jury trial and remanding for new trial). The children affected by the underlying case should not suffer the delay of a second trial before the parents' rights to determine their primary residence can be established. *See In re Reiter*, 404 S.W.3d at 611 (citing *Proffer*, 734 S.W.2d at 673).

## Conclusion

To the extent that Webb requests a jury trial on the issue of which joint managing conservator will have the exclusive right to designate the primary residence of the children, we conditionally grant the petition for writ of mandamus. We direct respondent to vacate this portion of her February 27, 2019 oral denial of Webb's request for jury trial and direct respondent to afford Webb a jury trial on this issue.[5] The writ will issue only if respondent does not comply. We deny the remainder of the petition for mandamus relief. We lift the stay previously imposed.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

---

[5] *See In re Reiter*, 404 S.W.3d at 612 (conditionally granting mandamus relief and directing trial court to afford jury trial); *see also In re Groves*, No. 01-15-00537-CV, 2016 WL 921645, at *4 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (conditionally granting mandamus relief and directing trial court to vacate oral order); *In re Bledsoe*, 41 S.W.3d at 816 (conditionally granting mandamus relief in part and directing trial court to vacate portion of oral ruling).