

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00024-CV

_____

IN RE:
REBECCA SAMFORD

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Former spouses Rebecca Samford and Archie Morris Samford, Jr.,[1] continue their ongoing struggle focused primarily on the management and possession of their minor child, A.S. This is now the third time the struggle has come to this Court.

Again Morris' effort to obtain modification of a child custody order over A.S. is central to this case. Originally, Morris sought to change Rebecca and Morris' joint managing conservatorship over A.S. to name Morris as sole managing conservator. Morris has since amended his motion to relinquish that request—a change which denies to Rebecca the mandamus relief she now requests of this Court.

A brief review of this struggle will help provide context for the current mandamus request. Initially, due to Rebecca's behavior, the details of which are not germane here, the trial court had struck her pleadings and had entered a default judgment against her, modifying the conservatorship of A.S. Rebecca appealed, claiming that, although her pleadings had been struck, she was entitled to have a jury determine whether Morris had proven the required elements in his motion to change the conservatorship. We concluded that, because a parent's failure to respond should not form the sole basis for the trial court's judgment in a family law matter, some fact-finding was required and a jury was required to find the requisite facts. *See* TEX. FAM. CODE ANN. § 105.002(a)(c) (Vernon Supp. 2007). We also agreed with a concurring opinion in *Marr v. Marr*, 905 S.W.2d 331, 333–34

_____

[1]For clarity, in this opinion we use Rebecca and Morris as the names of the litigants.

2

(Tex. App.—Waco 1995, no writ), which stated that "a defaulting defendant (by virtue of death penalty sanctions) in a family law matter is still entitled to rely on her jury demand and have a jury trial on any fact question related to the custody modification when the jury demand is not struck." *See In re A.S.*, No. 06-07-00044-CV, 2007 WL 4232977 (Tex. App.—Texarkana Dec. 4, 2007, no pet.). Under the posture of the case at that time, we found that denying Rebecca a jury trial was harmful error and reversed and remanded the case for further proceedings.

After remand, Morris amended his motion to eliminate his request that A.S.'s conservators be changed and asked that the case be withdrawn from the jury docket. When the trial court agreed, Rebecca filed this petition for writ of mandamus, asking this Court to direct the trial court to give her a jury trial on Morris' amended motion. Because Morris' amended motion seeks neither a change in A.S.'s conservators nor a designation that either Rebecca or Morris has the exclusive right to designate A.S.'s primary residence, we conclude that no pending request allows for decision by a jury.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695

3

S.W.2d 564, 567 (Tex. 1985). Although the right to mandamus is quite limited, recent authority suggests that denying a jury trial, when such a right is clearly shown, can be addressed by both appeal and mandamus. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex. 2004).

When we remanded this appeal to the trial court, we did not order it to conduct a jury trial. We found it to be error to deny one under the facts then existing, and remanded the case for further proceedings. The mandamus record before us shows that the situation has changed since that time. Although we did conclude at the time that, even without live pleadings, Rebecca remained entitled to a jury trial, that conclusion was based on the fact that a jury trial was available on Morris' then pending request that the existing joint managing conservatorship be changed to name Morris as sole managing conservator. *See* TEX. FAM. CODE ANN. § 105.002(c)(1)(A) (Vernon Supp. 2007). As we have said, Morris' motion to modify, as currently amended, now contains neither a request to change conservators nor a determination of which joint managing conservator has the exclusive right to designate A.S.'s primary residence. The motion, as amended, seeks an order that A.S. will reside with Morris during the school week and that Morris will have the authority to make certain health care and education decisions concerning A.S. The motion also seeks a change in child support, contempt relief for Rebecca's failure to sign a deed and tax exemption document as previously ordered by the trial court, a restraining order against Rebecca, and attorney's fees. Those issues are not ones that, under the statute, support a right to a jury trial. *See* TEX. FAM. CODE ANN. § 105.002(c)(2) (Vernon Supp. 2007).

Rebecca's sole contention in this mandamus is that the trial court failed to perform the ministerial act of conducting a jury trial, which she says was ordered by this Court. She also directs our attention to *Phillips v. Beaber*, 995 S.W.2d 655 (Tex. 1999), arguing that, because of the nature of the relief sought by Morris, the motion should be treated as effectively an attempt to change conservatorship. In *Phillips*, the Texas Supreme Court reviewed a father's motion to modify joint managing conservators' exclusive rights to primary possession and to establish a child's residence after the child moved to a new home state. The court concluded that it was really a motion to modify "custody" rather than mere "possession or access" under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJA). Based on that conclusion, the court applied the UCCJA and concluded that the trial court could not exercise continuing jurisdiction in the absence of a written agreement of all parties. *Phillips* is distinguishable in two notable ways, both the different legal issues there involved and the significantly greater rights modification there sought.[2]

What force remains of *Phillips*, for the current discussion, is merely the proposition that a pleading should be defined by its substance, not necessarily the way it is labeled. *Id.* at 660–61. We agree that artful labeling of pleadings must yield to the true content of those pleadings. We look at the substance of a pleading to determine its nature, not merely at the form or title given to it. *See*

---

[2]*See* Act of April 22, 1999, 76th Leg., R.S., ch. 34, § 1, 1999 Tex. Gen. Laws 52, 63, 65 (striking former Section 152.001(a)(2), (3) and former Section 152.003(d) of the Texas Family Code, the statutes involved in *Phillips*).

TEX. R. CIV. P. 71; *State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980); *BCY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596 (Tex. App.—Tyler 2005, no pet.).

Rebecca's argument here is that Morris' motion, despite purporting merely to change visitation, effectively seeks Morris' appointment as sole managing conservator or his being given exclusive right to designate A.S.'s primary residence. We disagree.

The record shows that the parties, joint managing conservators, had what was described as week-to-week visitation and that the final decree of divorce restricted domicile to Panola County, Texas, without placing the right to establish domicile in either joint managing conservator. As described above, the amended motion does not seek to change custody or the current type of conservatorship. It does seek to change visitation schedules, but not to the point that it would eliminate custodial visitation by either parent. It does not seek a right to establish domicile in a different geographic area, nor does it seek to effect any designation of primary residence.

Under these facts, the record does not show that Rebecca is entitled to a jury trial on these issues. Therefore, it does not show that the trial court failed to exercise a ministerial duty when it removed the case from the jury docket and set it for trial to the court.

We deny the petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 27, 2008
Date Decided:       March 28, 2008