**In re Kathleen Elizabeth
REITER, Relator.**

**No. 01–10–00641–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 2010.

Melanie Flowers, Flowers Firm, P.C., Houston, TX, for Appellant.

Amy Rayann Harris, Schlanger, Silver, Barg & Paine, LLP, Emily S. Gelman, Brashear Law Firm, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices MASSENGALE and BROWN.

## OPINION

MICHAEL MASSENGALE, Justice.

By petition for writ of mandamus, relator Kathleen Elizabeth Reiter challenges the district court's denial of her request for a jury trial in a suit affecting the parent-child relationship.* We agree that Reiter is entitled to a jury trial of her request to be named sole managing conservator, and we conditionally grant the writ.

## Background

The relevant facts are undisputed. Reiter filed a suit affecting the parent-child relationship relating to her daughter. Real party in interest Charles Edwin Moreland is the child's father. Reiter specifically pleaded a request to be appointed sole managing conservator of the child and for Moreland to be appointed possessory conservator. She requested a jury trial and paid the jury fee.

During a pre-trial conference, Moreland stipulated that Reiter would have "primary custody" over the child and the right to designate the child's primary residence. He did not consent to be appointed possessory conservator or for Reiter to be appointed sole managing conservator. The district court concluded that Moreland's stipulation resolved any issues on conservatorship that properly could be submitted to a jury and removed the case from the jury docket. Reiter then filed a petition for writ of mandamus complaining that she has been denied her right to a jury trial on her request to be appointed her child's sole managing conservator.

## Analysis

### I. Standard of review

Mandamus is an extraordinary remedy that is available only when a trial court clearly abuses its discretion and there is no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex.2008). A trial court has no discretion in determining what the law is or applying the law to the facts. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135 (Tex. 2004). A trial court abuses its discretion when it fails to apply the law correctly. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex.2006).

### II. Right to jury trial

We first must determine whether the district court clearly abused its discretion by denying a jury trial. In three issues, Reiter contends that section 105.002 of the Family Code allows a party to demand a jury trial for the appointment of conserva-

---

* The underlying case is *In the Interest of M.T.M.*, No. 2009–73754 in the 246th District Court of Harris County, Texas, the Honorable Jim York presiding.

tors. She further contends that Moreland's stipulation to grant her "primary custody" and allow her to determine the child's primary residence did not eliminate the need for a jury trial.

The Texas Constitution guarantees that the right to a trial·by jury "shall remain inviolate." TEX. CONST. art. I, § 15; *see also* TEX. CONST. art. V, § 10. The right to a jury trial has a widely acknowledged "sacred place in English and American history." *White v. White*, 108 Tex. 570, 196 S.W. 508, 512 (1917); *Monroe v. Alts. in Motion*, 234 S.W.3d 56, 69 (Tex. App.-Houston [1st Dist.] 2007, no pet.). The Texas Constitution also authorizes the Legislature to "pass such laws as may be needed to regulate" the right to a jury trial, and "to maintain its purity and efficiency." TEX. CONST. art. I, § 15.

■ Family Code section 105.002 governs jury trials in suits affecting the parent-child relationship. It provides that a party may demand a jury trial except in two circumstances. TEX. FAM.CODE ANN. § 105.002 (Vernon 2008). Neither of the two statutory exceptions, a suit in which adoption is sought and a suit to adjudicate parentage under Chapter 160, applies to this case. *Id.* § 105.002(b); *Monroe*, 234 S.W.3d at 69. The statute further specifically provides that a party is entitled to a verdict by the jury and the court may not contravene a jury verdict on the issues of appointment of a sole managing conservator, joint managing conservators, or a possessory conservator. TEX. FAM.CODE ANN. § 105.002(c)(1)(A)(C); *see In re J.A.J.*, 243 S.W.3d 611, 617 n. 5 (Tex.2007); *In re D.A.*, 307 S.W.3d 556, 561 (Tex.App.-Dallas 2010, no pet.). Among other things, the court is prohibited from submitting to the jury questions on the issues of any right or duty of a conservator, other than the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child. TEX. FAM. CODE ANN. § 105.002(c)(2)(C).

The district court ruled, and Moreland argues in this original proceeding, that once Moreland stipulated that Reiter would have primary custody, the only issues remaining in dispute between the parents related to the rights and duties of each as a conservator, which are not to be submitted to a jury. *Id.* This contention requires us to consider the implications of Reiter's request to be appointed sole managing conservator. The Family Code provides that "a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child." *Id.* § 153.131(a) (Vernon 2008). There is a rebuttable presumption in favor of joint managing conservatorship. *See id.* § 151.131(b) (Vernon 2008); *see also Phillips v. Beaber*, 995 S.W.2d 655, 659 (Tex.1999). In a joint managing conservatorship, the joint managing conservators share the rights and duties of a parent under the terms and conditions specified by the district court. *See* TEX. FAM.CODE. ANN. §§ 101.016, 153.071 (Vernon 2008). A parent appointed sole managing conservator of a child, however, has many rights that were not the subject of Moreland's stipulation. A sole managing conservator has the following exclusive rights, unless limited by court order:

1. the right to designate the primary residence of the child;

2. the right to consent to medical, dental, and surgical treatment involving invasive procedures;

3. the right to consent to psychiatric and psychological treatment;

4. the right to receive and give receipt for periodic payments for the support of the child and to hold or

disburse these funds for the benefit of the child;

5. the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6. the right to consent to marriage and to enlistment in the armed forces of the United States;

7. the right to make decisions concerning the child's education;

8. the right to services and earnings of the child; and

9. except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

*Id.* § 153.132 (Vernon 2008). In contrast, a possessory conservator has limited rights and duties. A possessory conservator is granted possession of and access to the child under terms and conditions specified by the district court. *See id.* §§ 153.006, 153.191–.192 (Vernon 2008). Accordingly, Reiter's pleading requesting appointment as sole managing conservator carries with it significant substantive meaning beyond Moreland's stipulation that she may have the right to designate the child's primary residence and "primary custody."

▪ The district court's interpretation of chapter 105 so as not to require a jury trial in this case is contrary to the plain language of the statute, which specifically empowers a party to "demand a jury trial" and thereby be "entitled to a verdict by the jury ... on the issues of ... the appointment of a sole managing conservator." *Id.* § 105.002(a), (c)(1)(A); *see In re Samford,* 249 S.W.3d 761, 763 (Tex.App.-Texarkana 2008, no pet.). As with all questions of statutory interpretation, our objective is to determine and give effect to the Legislature's intent, looking to the statute's plain language and avoiding any construction that would render a provision meaningless. *See, e.g., Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue,* 271 S.W.3d 238, 256 (Tex.2008); *Lenz v. Lenz,* 79 S.W.3d 10, 19 (Tex.2002). The purpose of enacting section 105.002 was to distinguish binding jury findings from advisory ones, *see Lenz,* 79 S.W.3d at 20 (citing Act of May 8, 1997, 75th Leg., R.S., ch. 180, § 1, 1997 Tex. Gen. Laws 1033, 1034), and in doing so and through subsequent amendments the Legislature specifically included appointment of a sole managing conservator on the list of issues for which a jury's verdict is binding. *See id.; see also* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 2, 2003 Tex. Gen. Laws 2987, 2987 (amending section 105.002(c) to specify party is entitled to verdict by jury on issue of appointment of sole managing conservator and adding language that "the court may not contravene a jury verdict" on that issue).

This reading of the statute is not at all diminished by the fact that the statute also prohibits the court from submitting to the jury a question on the issue of a right or duty of a conservator other than the determination of which joint managing conservator has the exclusive right to designate the primary residence of the child. *See* TEX. FAM.CODE ANN. § 105.002(c)(2)(C). The designation of a sole managing conservator cannot be regarded merely as a descriptive title applied after a court has allocated rights or duties to conservators. Instead, the Family Code establishes a right to a jury trial on the appointment of a sole managing conservator, joint managing conservators, or a possessory conservator, and it prohibits the district court from contravening the jury's verdict in that regard. *Id.*

§ 105.002(c)(1)(A)(C). If a jury determines that a parent shall serve as sole managing conservator, the Family Code assigns rights and duties to the sole managing conservator, subject to limitation by court order. *Id.* §§ 153.071–.076, 153.132 (Vernon 2008 & Supp.2010). The provision allowing modification of the rights and duties of a sole managing conservator by court order does not eliminate the right to a jury trial on the foundational issue. Before the district court may determine whether to modify the legislatively determined rights and duties set forth in section 153.132, the jury must first decide whether to appoint a parent as sole managing conservator.

Section 105.002(c)(2)(C) prohibits a district court from delegating to a jury the task of modifying the statutory default allocation of the rights and duties of conservators. To interpret that provision to deprive a party of its right to a jury determination of the appointment of conservators, including the appointment of a sole managing conservator, would render section 105.002(c)(1) meaningless. *Cf. Lenz,* 79 S.W.3d at 19–20 (rejecting argument based on section 105.002(c)(2)(C) that jury's finding that mother should have exclusive right to designate primary residence of children was advisory, relying on plain language of section 105.002(c)(1)(D)). That we decline to do. Instead, we conclude that Reiter is entitled to a jury trial on her request to be appointed sole managing conservator, and that the district court abused its discretion in ruling otherwise.

### III. Adequacy of appeal

■ Denial of a jury trial, when a right to one is clearly shown, can be addressed both by appeal and mandamus. *In re Prudential,* 148 S.W.3d at 139; *In re Samford,* 249 S.W.3d at 763. In determining whether the error in this case can be adequately addressed on appeal, we note that the concept of adequacy is neither fixed nor rigid. *See In re Prudential,* 148 S.W.3d at 136. Our analysis is guided by a "careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* at 136.

In the sensitive context of child-custody proceedings, courts have regularly granted mandamus relief. *See, e.g., Powell v. Stover,* 165 S.W.3d 322, 323 (Tex.2005); *In re Forlenza,* 140 S.W.3d 373, 379 (Tex.2004); *In re Lau,* 89 S.W.3d 757, 759–60 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding). Lawsuits involving child-custody determinations touch on parents' constitutional interests and important issues affecting children's welfare. *See In re M.S.,* 115 S.W.3d 534, 547 (Tex.2003). Thus, "[j]ustice demands a speedy resolution of child custody ... issues." *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987) (granting mandamus relief from trial court's failure to transfer custody dispute to mandatory venue).

■ Here, the district court's error in denying Reiter's request for a jury trial could be remedied on appeal, following a bench trial and final judgment. *See Halsell v. Dehoyos,* 810 S.W.2d 371, 372 (Tex. 1991) (reversing trial court judgment for refusal to grant jury trial and remanding for new trial). But we conclude that appeal from a bench trial would not be adequate under the circumstances of this case. In this situation, both parties would be required to endure a trial and its attendant expenses for naught. *See also In re McAllen Med. Ctr.,* 275 S.W.3d at 466. More importantly, the child affected by the underlying case should not suffer the delay of a second trial before parental rights and obligations can be established. *See Proffer,* 734 S.W.2d at 673.

## Conclusion

We hold that Reiter is entitled to the relief requested in her petition for writ of mandamus and direct the district court to proceed in a manner consistent with this opinion. We are confident the district court will afford Reiter the jury trial to which she is entitled, and our writ will issue only if the district court does not.