

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00079-CV

IN RE MELINDA STEARNS                               RELATOR

----------

## ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator Melinda Stearns (Mother) sued real party in interest Chad Stearns (Father) for divorce and sought sole custody of their child. Father countersued. After a jury trial on the conservatorship issues, the jury found that Mother should be sole managing conservator and that Father should not be a possessory conservator. The trial court heard the remaining issues and signed a judgment conforming to the jury verdict. But the trial court then granted Father's motion for new trial on the sole ground that his

---

[1]See Tex. R. App. P. 47.4, 52.8(d).

due process rights under the 14th Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution were violated when the jury did not name [him] a possessory conservator in Question #5 of the jury charge, creating a de facto termination under a preponderance of the evidence standard, rather than a clear and convincing standard.

In conjunction with that order, the trial court also granted Father access to the child. Mother filed a petition for writ of mandamus in this court. Because we hold that the trial court abused its discretion by contravening the jury's verdict, we conditionally grant mandamus relief.

After finding that Mother should be sole managing conservator of the child, the jury answered the following question:

**QUESTION 5**

Should [Father] be named possessory conservator of the child?

A parent who is not appointed managing conservator shall be appointed possessory conservator unless the appointment is not in the best interest of the child and possession or access by the parent would endanger the physical or emotional welfare of the child. A parent who is not appointed managing or possessory conservator may be ordered to perform other parental duties, including paying child support. Therefore, answer the following question "Yes" unless you find from a preponderance of the evidence that appointment of [Father] is not in the best interest of the child and that possession or access by [Father] would endanger the physical or emotional welfare of the child.

Answer "Yes" or "No."

The jury answered, "No."

We note that the possibility that the jury could determine that Father should not be a conservator of the child was not a surprise: Mother had requested that

2

Father not be named a possessory conservator or have access in her live petition. Father did not specially except to the petition, nor did he object to the above jury charge question.

After the trial court signed a judgment in accordance with the verdict, Father filed a motion for new trial, arguing in part that sections 105.002(c) and 153.191 of the family code are unconstitutional as applied to him, and he contended that

> [b]ecause of the [parental] right's elevated status, the standard of proof is elevated from "preponderance of the evidence" to "clear and convincing evidence." . . .
>
> . . . .
>
> The application of Section 153.191 to [Father] in this case and the court's ruling is a denial of constitutional rights of due process in that the court's ruling operates as a de facto termination of the parental rights of [Father] to care for, control, educate and manage the upbringing of his child with a lower standard of proof than that required by Section 161.001 Texas Family Code and the United States Constitution, which requires proof by clear and convincing evidence that a parent has committed any of a number of acts listed in the statute.

A trial court's stated reasons for granting a motion for new trial are subject to mandamus review on the merits.[2] The Supreme Court of Texas has held,

> [A] trial court does not abuse its discretion so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro

---

[2] *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 759 (Tex. 2013) (orig. proceeding).

3

forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.[3]

While the trial court's reason here is specific, it is not a legally appropriate reason. The trial court's order granting a new trial based on Father's "de facto" termination argument violates section 105.002(c)(1)(C) of the family code, which provides that a trial court may not "contravene a jury verdict" on the issue of the appointment of a possessory conservator.[4] The order also ignores the different burdens of proof in custody and termination cases.[5] Finally, the trial court's order overlooks the law that allows a parent, even a nonconservator like Father, to seek modification of a conservatorship order and that gives a trial court discretion to grant modification if it is in the child's best interest and the parent's or child's circumstances have materially and substantially changed since the order was rendered.[6] It is this law that differentiates Father from parents whose

---

[3]*In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding).

[4]*See* Tex. Fam. Code Ann. § 105.002(c)(1)(C) (West 2014).

[5]*See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (contrasting the quantum of proof required to support termination from that required to support a conservatorship decision); Tex. Fam. Code Ann. § 105.005 (West 2014) (providing that findings must be based on a preponderance of the evidence unless otherwise provided by title 5 of the family code); *cf. id.* § 161.001 (stating that evidence supporting findings in termination proceedings must be clear and convincing).

[6]Tex. Fam. Code Ann. §§ 102.003(a)(1), 156.001–.002, 156.101 (West 2014).

relationships with their children have been permanently severed, and it is this law that provides Father and other similarly situated parents due process.[7]

While it is true, as Father argues, that Mother could appeal the granting of his motion for new trial after the trial court enters a final judgment, whether that appeal would be an adequate remedy "depends on a careful analysis of the costs and benefits of interlocutory review."[8] In child custody cases, courts often grant mandamus relief because "justice demands a speedy resolution" and appeals are "frequently inadequate to protect the rights of parents and children."[9] In this case, a jury determined that Father should not be a conservator of his two-year-old son. With the trial court's granting of Father's motion for new trial, Father retained court-ordered visitation despite a jury's decision that possession or access by Father would endanger the child's physical or emotional welfare. The further delay of a new trial and appeal and the related potential emotional

---

[7]*See J.A.J.*, 243 S.W.3d at 617 (rejecting parent's argument that requiring separate challenges to conservatorship decisions and termination orders will result in the de facto termination of parental rights for parents who win their termination appeals and noting that the family code "guards against that possibility," citing sections 102.003, 156.001, and 156.101 of the family code).

[8]*In re Dep't of Family and Protective Servs.*, 273 S.W.3d 637, 645 (Tex. 2009) (orig. proceeding).

[9]*Id.* (internal quotation marks and citations omitted).

hardship on the child are enough for this court to conclude that an appeal would not be an adequate remedy in this case.[10]

Accordingly, we conditionally grant Mother's petition for writ of mandamus. We are confident that the trial court will promptly vacate its January 17, 2014 and January 24, 2014 orders granting Father's motion for new trial as well as its January 17, 2014 interim order granting Father access to the child, and the writ will issue only if the trial court fails promptly to do so.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED:  April 17, 2014

---

[10] *See In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding).