# NO. 12-22-00255-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE:* | § | *ORIGINAL PROCEEDING* |
| *J.P.L., A CHILD* | § | |

## *OPINION*

Rebecca Bell, appointed as attorney ad litem for the child, J.P.L., in a Morris County termination proceeding, filed this original proceeding in which she contends that Respondent abused his discretion by refusing to allow her to participate in trial, classifying her as a witness, and continuing trial without service upon her and without her participation.[1] We deny the writ.

## BACKGROUND

In September 2020, Real Party in Interest, the Department of Family and Protective Services, filed an original petition for protection of a child, for conservatorship, and for termination of S.C.'s and N.L.'s parental rights to J.P.L.[2] The petition was filed in Morris County and that court appointed Bell as J.P.L.'s attorney ad litem. On April 7, 2021, Real Parties in Interest Patrick David Ferguson and Kathy Irene Ferguson, the adoptive parents of J.P.L.'s two half-siblings, filed a petition in intervention in which they sought appointment as J.P.L.'s sole managing conservator. They also filed a petition for termination and adoption in a separate Morris County proceeding, but later nonsuited the case. The associate judge in Morris County signed an interlocutory order of termination on June 10 and signed an agreed order for sibling access on August 26.

---

[1] Respondent is the Honorable Tim Womack, Judge of the 307th District Court in Gregg County, Texas.

[2] S.C. and N.L. are not parties to this proceeding.

On August 26, the Fergusons filed a petition for adoption in Gregg County. They listed Bell as a person entitled to citation. The mandamus record contains an email, dated September 3, from the paralegal for the Fergusons' counsel, which forwards the petition to several persons, including Bell. The Morris County associate judge signed an order of termination on September 17, which appointed the Department as permanent managing conservator and ordered that Bell continue serving as attorney ad litem as long as J.P.L. remained in the Department's conservatorship. On October 21, Real Parties in Interest Scott Livezey and LaTifini Livezey, with whom J.P.L. had been residing, filed a petition for adoption in Morris County. The Fergusons amended their adoption petition in Gregg County on December 1. On February 24, 2022, Respondent appointed Real Party in Interest Stacey Brownlee as J.P.L.'s amicus attorney in the Gregg County case.

A final hearing was scheduled for July 11. Bell appeared at the hearing. According to Bell, at the Fergusons' request, Respondent removed Bell from court and prohibited her from participating. The remainder of trial was postponed to September 19.[3] Bell filed this original proceeding on September 15.[4] This Court granted her request for a stay of the underlying proceedings pending resolution of the mandamus petition.[5]

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no

---

[3] According to the Fergusons, trial was postponed due to illness.

[4] We question Bell's filing of this proceeding only days before trial was scheduled to resume, when the acts of which she complained occurred in July. Bell offers no explanation as to why she filed her petition on the eve of trial. The Fergusons' counsel represents that Bell filed this proceeding hours after Respondent denied the Livezeys' motion for continuance and that the Livezeys' counsel "indicated the forthcoming filing of this petition for writ of mandamus as a last-ditch effort to get the trial court to reconsider the requested continuance." Bell has not responded to this assertion. At any rate, Bell has an obligation to avoid unreasonably delaying resolution of the adoption proceeding. *See* TEX. RULES DISCIPLINARY P. R. 3.02, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2019) (in the course of litigation, a lawyer shall not take a position that unreasonably increases the costs or other burdens of the case or that unreasonably delays resolution of the matter).

[5] The court, on motion of any party or on its own initiative, may without notice grant any just relief pending the court's action on the petition. TEX. R. APP. P. 52.10(b). "Just relief may include staying the enforcement of an order for purposes of protecting the jurisdiction of the appellate court by maintaining the status quo of the underlying proceeding while the court considers the merits of the original proceeding." *In re Johnston*, No. 07-22-00177-CV, 2022 WL 2376294, at *1 (Tex. App.—Amarillo June 28, 2022, orig. proceeding) (per curiam order).

2

adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). Courts regularly grant mandamus relief in the sensitive context of child custody proceedings because appeal is frequently inadequate to protect children's rights. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987); *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding).

## ABUSE OF DISCRETION

Because she was appointed J.P.L.'s attorney ad litem in the Morris County termination case, Bell maintains that she was a necessary party to the adoption suit, entitled to service, entitled to participate in the litigation, and should not have been declared a witness.

### Record of the July 11 Trial

Bell contends that Respondent "held that Relator was not counsel for the child in his court and removed Relator from the Court Room and prohibited her from participating in the first day of trial" and classified her as a witness. Bell argues that Respondent dismissed her over her "recorded and timely objection." Bell misrepresents what actually occurred at trial.

When Bell informed Respondent that she was J.P.L.'s attorney ad litem in the Morris County case, the following exchange occurred:

> Bell: -- I have not been relieved from my duties since the child was -- the Department was named permanent managing conservator of the child, and I was retained as his attorney to kind of see it through to the next process. I did not find out about this hearing until I received a phone call from the Department this last Friday.
>
> Respondent: You haven't filed any pleadings either.
>
> Bell: No, I haven't.
>
> Respondent: Well, then, how are they supposed to know to serve you?
>
> Bell: I wasn't served either.
>
> Respondent: Okay. But you weren't appointed by this Court as an attorney ad litem.

Bell: That's true. I just – because I was already his attorney of record in the Morris County case and, as Ms. Kroscher [the Fergusons' counsel] was saying, she was trying to let everyone know and bring us all in, I wasn't brought -- I don't feel like I was given notice of what was going on.

Respondent: But you are not the child's counsel of record in this case.

Bell: I understand.

Respondent: I mean, that would be just like he could have a different lawyer in this case as he does in the one in Morris County, true?

Bell: That's true.

Later, after witnesses were sworn, the rule of witnesses invoked, the witnesses left the courtroom, and before testimony began, the Fergusons' counsel asked that Bell be excused to the hallway because she is not an attorney in the case. This led to the following exchange:

Respondent: Are you going to be a witness? I agree. I mean, the point -- my – I still believe that in this case, you do not represent the child and you have no pleadings on file, you weren't appointed by this Court. In fact, the Court -- well, I guess in an adoption; that's not true.

Bell: I'm here for –

Respondent: But if you're not going to be -- if I can be assured that you are not going to be a witness, I don't have any problem with you staying.

Bell: I think the Department would like to call me as a witness, just in case.

The Department's counsel: Do you want her to be sworn in, Your Honor?

Bell: I wasn't sworn in.

(Witness is sworn)

Respondent: Tell me your name, again.

Bell: Rebecca Bell.

Respondent: Where are you from?

Bell: Mt. Pleasant.

Respondent: Titus County. It's nice to have you, Ms. Bell….

After the lunch recess, Bell stated to Respondent, "Your Honor, before you start, I don't think I'm going to be called as a witness, so if it is okay with you, I'd ask to be released." Respondent released Bell from the rule of witnesses. The record does not indicate whether Bell remained in

4

the courtroom, but the Fergusons represent that Bell left the courtroom after being released from the rule of witnesses. Several witnesses testified thereafter. At the end of the day, Respondent asked, "Anybody else got any other questions or anything else we need to address before tomorrow?" There were no replies.

The record contains no verbal or written order barring Bell from participating at trial. She filed no pleadings during pendency of the case, and expressed, "I understand" when Respondent stated she was not J.P.L.'s counsel of record in the Gregg County case. Importantly, Respondent expressed no reservations with Bell remaining in the courtroom, provided she was not a witness. Bell ignores this fact in her petition. Bell also contends Respondent had no authority to "classify her as a witness." But Respondent did not classify her as a witness. Rather, Bell identified herself as a potential witness, another fact she omits from her petition. Accordingly, she was sworn and subject to the rule of witnesses. As the record makes clear, Bell was subsequently released from the rule of witnesses at her request. Yet, Bell failed to inform this Court that she asked to be released. Based on Respondent's comments at trial, it is reasonable to conclude that, once she was released from the rule of witnesses, Respondent would have allowed her to remain in the courtroom. Thus, leaving the courtroom at that juncture would have been of Bell's own volition, as the record is devoid of any indication that Respondent forced her to leave. Even assuming Bell remained in the courtroom, the record does not show that she was ever forced to leave, that she attempted to participate in the proceedings and was denied the opportunity, or that she presented any objections at the end of the day when Respondent inquired whether anything needed to be discussed.

Moreover, contrary to Bell's representation that she timely objected, the record before us does not demonstrate that Bell objected to any exclusion from the proceedings, any prohibition from participating in the proceedings, or any designation as a potential witness. *See In re Boyd*, No. 12-19-00239-CV, 2019 WL 3940802, at *4 (Tex. App.—Tyler Aug. 21, 2019, orig. proceeding) (mem. op.) ("[i]t would be difficult to conclude, absent circumstances that were highly unusual or that made a ruling void, that a trial court could abuse its discretion in making a ruling, or failing to make a ruling, for a reason that was never presented to the court"); *see also In re Greyhound Lines, Inc.*, No. 05-14-01164-CV, 2014 WL 5474787, at *3 (Tex. App.— Dallas Oct. 29, 2014, orig. proceeding) (mem. op.) ("We cannot mandamus a judge without

giving her a chance to rule on the objections"). An "objection must apprise the trial court of the error alleged such that the court has the opportunity to correct the problem." ***Burbage v. Burbage***, 447 S.W.3d 249, 257 (Tex. 2014). The record simply does not show that Bell apprised Respondent of the issues she now raises in this proceeding.

In summary, the record does not reflect that Respondent removed Bell from the proceedings, disallowed her from participating in the proceedings, or classified her as a witness. Nor does the record reflect that Bell raised the issues in the trial court that she now presents in this original proceeding. Moreover, Bell's omissions and misrepresentations as to what the record actually reflects could be considered a lack of candor towards the tribunal, a violation of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. RULES DISCIPLINARY P. R. 3.03, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2019).

## Extension of Representation to Gregg County

Bell also maintains that her appointment in Morris County continues as long as J.P.L. remains in the Department's conservatorship and extends to the Gregg County proceeding. Bell states that Respondent lacked authority to remove her from the Gregg County proceedings. We disagree with these contentions.

Under the law in effect at the time of the termination proceeding's filing and Bell's appointment, Section 107.016 of the family code provided that, "*In a suit filed by a governmental entity in which termination of the parent-child relationship or appointment of the entity as conservator of the child is requested* … an order appointing the Department of Family and Protective Services as the child's managing conservator *may* provide for the continuation of the appointment of the attorney ad litem for the child as long as the child remains in the conservatorship of the department." Act of May 26, 2017, 85th Leg., R.S., ch. 317, § 9, 2017 Tex. Gen. Laws 317 (emphasis added). The provision now provides that in a suit filed by a governmental entity in which termination of the parent-child relationship or appointment of the entity as conservator of the child is requested, an order appointing the Department as the child's managing conservator (1) shall provide for the continuation of the appointment of the guardian ad litem or the attorney ad litem for the child, or an attorney appointed to serve in the dual role, as long as the child remains in the Department's conservatorship; and (2) may provide for the continuation of the appointment of both the attorney ad litem and the guardian ad litem for the

6

child if both have been appointed, as long as the child remains in the Department's conservatorship. TEX. FAM. CODE ANN. § 107.016(1) (West Supp. 2021). By its plain language, both the prior and current versions of Section 107.016 apply to proceedings in which the Department seeks termination of the parent-child relationship or appointment as the child's conservator. *See id*.; *see generally In Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (addressing Section 107.016(2)(B), pertaining to appointment of attorney for parent or alleged father, and holding that the appointment extends to all proceedings in the Texas Supreme Court and, "[o]nce appointed by the trial court, counsel should be permitted to withdraw only for good cause and on appropriate terms and conditions"). Even the Texas Supreme Court has acknowledged that "[t]he representation of an ad litem is limited to matters related to the suit for which he or she is appointed." *Brownsville-Valley Reg'l Med. Ctr., Inc. v. Gamez*, 894 S.W.2d 753, 756 (Tex. 1995); *see Durham v. Barrow*, 600 S.W.2d 756, 761 (Tex. 1980) (respondent lacked standing to attack adoption by virtue of being guardian ad litem in termination proceeding).[6]

When, as here, the language of a statute is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe it. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008). We should not insert words into the statute except to give effect to clear legislative intent. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). Pursuant to the statute's plain language, Bell's representation of J.P.L. continues in the Morris County proceeding. But the Gregg County proceeding is a private suit for adoption, not a suit brought by the Department. Because Section 107.016(a)(1)'s plain language limits its applicability to suits brought by the Department, we cannot conclude that Bell's representation automatically extended to the Gregg County proceeding. For this reason, Bell's capacity as attorney ad litem in Morris County did not entitle her to service or participation in the Gregg County proceeding.[7] *See* TEX. FAM. CODE ANN. §§ 107.016(1),

---

[6] The Department filed a letter brief in response to Bell's petition, citing *Durham v. Barrow*, 600 S.W.2d 756 (Tex. 1980) and concluding that *Durham* applies to the issue before us. Although *Durham* involved an appointed guardian ad litem, it can be reasonably construed to apply to an attorney ad litem.

[7] Although they were not required to do so, the Fergusons did notify Bell via email of the petition on September 3, 2021.

7

102.009(a) (West 2019) (listing those entitled to service of citation on the filing of a petition in an original suit).

With respect to Bell's argument that Respondent lacked authority to remove Bell from the proceedings, we reiterate that the record does not show that such removal occurred. Nevertheless, a "suit in which adoption is requested may be filed in the county where the child resides or in the county where the petitioners reside, *regardless of whether another court has continuing exclusive jurisdiction* under Chapter 155." *Id*. § 103.001(b) (West Supp. 2021) (emphasis added). Because the Fergusons reside in Gregg County, they were entitled to file their adoption petition in Gregg County, even though the Morris County court has continuing exclusive jurisdiction in the suit affecting the parent-child relationship. *See id*. In fact, at the July 11 trial, even the Department's counsel acknowledged that the Fergusons filed their petition in the appropriate forum. The record does not reflect that Bell objected or otherwise offered a contrary position. And again, she filed no pleadings, including any challenge to jurisdiction.

## J.P.L.'s Rights

Bell represents that the "record reflects that after Relator was excused the first day of trial was conducted without the child's legal representative present." Thus, Bell argues that her inability to participate deprived J.P.L. of his due process rights and resulted in the first day of trial being conducted without J.P.L.'s legal representative. This assertion is simply untrue.

First, Brownlee, J.P.L.'s appointed amicus attorney in Gregg County, appeared at and participated in the trial. Although an amicus attorney differs from an attorney ad litem in some respects, they share numerous duties with respect to the case to which they are appointed, including participation in the conduct of the litigation to the same extent as an attorney for a party. *See id.* §§ 107.001(1), (2) (West 2019) (defining "amicus attorney" and "attorney ad litem), 107.003 (West Supp. 2021) (powers and duties of attorney ad litem and amicus attorney); 107.005 (West 2019) (additional duties of amicus attorney); 107.016(a)(1); *see also* **Gamez**, 894 S.W.2d at 756; **Durham**, 600 S.W.2d at 761. Second, we again note that there is no indication that Bell attempted to participate, was denied the opportunity to participate, objected to an inability to participate, or asserted any due process violation on J.P.L.'s behalf. *See In re M.W.*, No. 13-19-00593-CV, 2020 WL 1887769, at *3 (Tex. App.—Corpus Christi Apr. 16, 2020, no pet.) (mem. op.) ("complaints about due process violations must be raised and ruled on in the

trial court in order to be preserved for appeal"); *see also* **Boyd**, 2019 WL 3940802, at *4. Accordingly, we reject Bell's contention.

## SANCTIONS

The Fergusons moved for sanctions against Bell for filing a petition they claim to be groundless and filed for purposes of delay, and which contains gross misstatements and omissions of material fact.

With some exceptions, an attorney ad litem is not liable for civil damages arising from an action taken, a recommendation made, or an opinion given in the capacity of attorney ad litem. TEX. FAM. CODE ANN. § 107.009(a) (West 2019). On motion of any party or on its own initiative, the court may--after notice and a reasonable opportunity to respond--impose just sanctions on a party or attorney who is not acting in good faith as indicated by: (a) filing a clearly groundless petition; (b) bringing the petition solely for delay of an underlying proceeding; (c) grossly misstating or omitting an obviously important and material fact; or (d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents. TEX. R. APP. P. 52.11. We have rejected each of Bell's contentions. At a minimum, she omitted or grossly misstated obviously important and material facts when presenting her petition to this Court.[8] It is also suspect that she waited until the eve of trial to file her petition when the challenged actions occurred two months prior. But "[w]hen deciding a motion for sanctions, we exercise the discretion afforded by Rule 52.11 with prudence and caution and only after careful deliberation." **Walter v. Marathon Oil Corp.**, 422 S.W.3d 848, 861 (Tex. App.—Houston [14th Dist.] 2014, no pet.). While we do not condone Bell's omissions and misrepresentations, we decline to impose sanctions at this time.

## DISPOSITION

For the forgoing reasons, we conclude that Bell failed to demonstrate an abuse of discretion on the part of Respondent. Accordingly, we ***deny*** her petition for writ of mandamus and we ***lift*** our stay of September 16, 2022. We ***deny*** the Fergusons' motion for sanctions.

---

[8] Had Bell presented her petition with the candor required by the Texas Disciplinary Rules of Professional Conduct, the outcome of her motion to stay may have been different.

9

**GREG NEELEY**
Justice

Opinion delivered September 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 29, 2022**

**NO. 12-22-00255-CV**

**REBECCA BELL,**
Relator
V.

**HON. TIM WOMACK,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Rebecca Bell; who is the relator in appellate cause number 12-22-00255-CV, which arises out of trial court cause number 2021-1511-DR, pending on the docket of the 307th Judicial District Court of Gregg County, Texas. Said petition for writ of mandamus having been filed herein on September 15, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*