# NO. 12-22-00303-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *A.B.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION

A.B. filed this original proceeding, in which she contends that Respondent abused her discretion in a suit affecting the parent child relationship by: (1) holding A.B. to different procedural standards than Real Parties in Interest, K.M. and M.M., because A.B. appeared with counsel at trial while the RPIs appeared pro se, (2) refusing to acknowledge the removal of the fit-parent presumption when a parent voluntarily relinquished care, custody, and control of a child to a nonparent for at least one year, (3) allowing the RPIs to request relief at trial when such relief had not previously been requested or pleaded, and (4) rendering an unenforceable order granting A.B. possession and access to the child without specific dates and times for A.B.'s possession.[1]  We deny the writ.

## BACKGROUND

A.B. is the grandmother of M.M.2.  In April 2019, A.B. filed an amended petition against K.M., the mother of M.M.2.  M.M. is the child's father and A.B.'s son.  A.B. requested that she and K.M. be appointed joint managing conservators, with A.B. having the exclusive right to designate M.M.2's primary residence, and that K.M. be required to pay child support.  She alleged that K.M. engaged in a history or pattern of family violence during the two years preceding the filing of suit.  Among other requests, A.B. sought an order denying K.M. access to

---

[1] Respondent is the Honorable Sarah Tunnell Clark, Judge of the County Court at Law in Houston County, Texas.

the child or, alternatively, allowing supervised visitation. M.M. filed a petition in intervention, seeking to be appointed joint managing conservator with the exclusive right to designate the child's primary residence. On August 26, 2019, Respondent signed an amended order adjudicating parentage and temporary orders. The order adjudicated M.M. as the child's father, appointed A.B., M.M., and K.M. temporary joint managing conservators, gave A.B. the exclusive right to designate the child's primary residence within Houston County, awarded K.M. supervised visitation, and awarded M.M. unsupervised visitation, among other provisions.

On October 20, 2022, Respondent conducted a final hearing at which she stated the following:

> And I have been asked to do Final Orders today in a case I would probably more likely do Temporary Orders, but at the same time, there is a need for finality for a child and for orders to be placed in a child's life that are more permanent.

Respondent proceeded to (1) appoint A.B., M.M., and K.M. as joint managing conservators, (2) give A.B. the right to establish the child's residence through December 31, 2022, (3) give K.M. the right to establish the primary residence beginning January 1, 2023, without geographic restriction, (4) order M.M. to pay child support based on twenty percent of his income, (5) order that M.M.'s child support obligation begin on November 1 to A.B. (paid directly to her via money order or check) through the end of 2022 and to K.M. (through the Texas Attorney General's Office) beginning in 2023; (6) grant visitation to K.M. every Thursday, and every first and third weekend beginning in November; and (7) grant visitation to M.M. one weekend per month depending on his schedule. Respondent requested a copy of A.B.'s W-2 for 2021 and paystubs for 2022 for purposes of establishing the child support amount.

Respondent further stated:

> I want [K.M.] to start having visitations every Thursday from the time school is out until 7:00 p.m. And she's to pickup and drop-off the child at your house, [A.B.], unless y'all want to meet at a neutral place that y'all can agree to. And she should be able to pick up the child from school, if that works.… And in November, she should have the -- the beginning of November, she should have the first and third weekends, from the time school is out until school begins on Monday morning. She needs to have some time to be, you know, encouraged to be with [M.M.2] and let [M.M.2] make that transition. And that first and third weekend will be based on a Friday, whatever the Friday is…

> …[M.M.] will have one -- at least one weekend, that month as well. I'd like to be one of his weekends that he's off. So he needs to provide his calender, 'cause I'm lost. You know, and so I

2

don't know if he has the second or the fourth weekend, but it needs to try to be one of those weekends in November to begin a weekend visitation, and I'm not sure.

M.M. explained that his work schedule rotates and he needed to obtain a printout of his schedule. Respondent reiterated her desire that M.M.'s weekend occur once a month based on his schedule, and stated that his weekend would need to be the second or fourth weekend of the month. She explained, "If you're going to be not off until Saturday morning, it won't begin until Saturday morning, but if you're off that Friday night, it can start from when school gets out until school begins on Monday, depending on what your schedule is like." Respondent added that, beginning in January 2023, A.B. would have M.M.2 at least one weekend per month, to be worked out by agreement with K.M. In addition, M.M. was ordered to add M.M.2 to his insurance and the parents were ordered to equally share uncovered medical bills.

Respondent stated her expectation that A.B.'s trial counsel would prepare the order and asked counsel if there was "anything that I'm not clearing up that you're lost on[.]" Respondent answered counsel's questions and the following exchange likewise occurred:

> Respondent: So after the new year, it'll be Standard except that [M.M.] will have one weekend a month instead of two.
> …
> Respondent: Instead of the first and third, he will have one weekend a month. But otherwise, the holidays will be standard with the father.
> Trial counsel: So I – [M.M.] is to have the weekend he's -- that whatever that weekend is, it's the weekend that you're home -- that you're off?
> Respondent: Yeah. And he can just give you all the schedule between now and December, I would think. He ought to be able to give you that and get that to you.
> Trial counsel: But I've seen orders, when people have that schedule and it's -- that wording is the weekend that they are home Friday to Monday.
> …
>
> Respondent: And that's what that needs to say, all right. Because you are off some weekends that you are off Friday to Monday; is that right?
> [M.M.]: Yes, ma'am, I'm off one weekend a month I'm off from Friday to Monday.
> Respondent: Right. And that's the weekend that you're going to have, okay?
> …
> Trial counsel: And what is -- clarify, [A.B.'s] visitation.
> Respondent: [A.B.'s] visitation after January 1st will be as agreed to between she and [K.M.].
> …
> Respondent: No specific weekends. I hope that there will be a weekend --
> …
> Trial counsel: So [M.M.] just has one weekend?
> …
> Respondent: Right. And Standard Visitation, otherwise. Holidays and weekends. Why don't we do a summer -- a 30-day Summer Visitation for this next Summer with [A.B.]. Are you okay with that?

3

[K.M.]: I'm totally fine with that.

Respondent: This Summer 2023? She can have the 30-day weekend -- the 30-day Summer Vacation, [trial counsel] instead of [M.M]. She'll get the Summer vacation -- the summer, non-parent visitation. Am I really messing it up, [trial counsel], for you?

Trial counsel: No. Not for me.

Respondent confirmed that standard rights and duties applied to all three parties and no geographic restriction applied to K.M.'s right to designate M.M.2's primary residence. Respondent then concluded the hearing.

A.B. filed this original proceeding on November 23. On December 1, she filed a motion for temporary relief, requesting a stay of the trial court proceedings pending resolution of her mandamus petition.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## ADEQUATE REMEDY

A.B. maintains there is no adequate remedy by appeal to prevent her from relinquishing the exclusive right to designate M.M.'s primary residence to K.M. on January 1, 2023. According to A.B., a "stark change in [M.M.2's] regular day-to-day schedule would cause [him] serious emotional trauma resulting in irreparable emotional harm."

Courts regularly grant mandamus relief in the sensitive context of child custody proceedings because appeal is frequently inadequate to protect children's rights. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987); *In re Reiter*, 404 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding). However, mandamus may not be used as a substitute for an appeal. *See In re Bird*, No. 12-19-00184-CV, 2019 WL 2710249, at *2 (Tex. App.—Tyler June

28, 2019, orig. proceeding) (mem. op.). The family code provides that, with an exception inapplicable to this case, an appeal from a final order rendered in a suit affecting the parent-child relationship shall be as in civil cases generally under the Texas Rules of Appellate Procedure. TEX. FAM. CODE ANN. § 109.002(a) (West Supp. 2022). The appellate timetable runs from the date the judgment or appealable order is signed. *See* TEX. R. APP. P. 26.1.

In this case, the parties have already participated in a final hearing, Respondent pronounced her rulings, and Respondent ordered A.B.'s trial counsel to prepare a written order. Respondent has not signed a final order memorializing her oral pronouncements. According to A.B., her trial counsel was not provided the information needed to prepare a proposed order. We recognize that this is an unusual case with rulings outside the norm. But the record demonstrates that the parties discussed Respondent's rulings at length and Respondent gave A.B.'s trial counsel an opportunity for clarification. A.B. does not explain what information is missing so as to prevent her from submitting a proposed order to Respondent. Nor does the record indicate that A.B. filed any type of motion requesting that Respondent clarify her orders such that A.B.'s counsel may prepare a final order for Respondent's signature or requesting that Respondent otherwise sign a final order. *See **In re Coppola***, 535 S.W.3d 506, 510 (Tex. 2017) (per curiam) (orig. proceeding) ("Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act"). The hearing occurred on October 20; A.B. could have pursued clarification from Respondent, and had sufficient time in which to do so, for purposes of obtaining a signed final order from which to appeal. Thus, we are not persuaded by A.B.'s suggestion that appeal is inadequate because she lacks sufficient information to furnish Respondent with a proposed final order.

A.B. further contends that there is "no manner for appeal without a signed order." True, we may dismiss an appeal for want of jurisdiction absent a signed, written order. ***Davidson v. Davidson***, No. 03-19-00542-CV, 2019 WL 7042942, at *1 (Tex. App.—Austin Dec. 20, 2019, no pet.) (per curiam) (order and mem. op.). Nevertheless, the appellate rules provide that "[i]n a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1(a). Accordingly, in an appropriate case, we may treat a notice of appeal as filed prematurely, abate the appeal, and remand the cause to the trial court for entry of a written order. ***Davidson***, 2019

5

WL 7042942, at *1; *see generally* TEX. R. APP. P. 44.4(a) (appellate court must not dismiss appeal if trial court's erroneous action or failure or refusal to act prevents proper presentation of case to court of appeals and the trial court can correct its action or failure to act). A.B. could have filed a premature notice of appeal and sought abatement for entry of a signed, final order. And again, A.B. could have sought clarification from Respondent, drafted a final order, submitted the order to Respondent, and filed a notice of appeal instead of seeking mandamus relief.

A.B. further suggests that mandamus is the only remedy for obtaining a stay of the order requiring A.B. to surrender possession of M.M.2 to K.M. on January 1, 2023. "An appeal from a final order, with or without a supersedeas bond, does not suspend the order unless suspension is ordered by the court rendering the order." TEX. FAM. CODE ANN. § 109.002(c). And with an exception inapplicable here, the appellate court, on a proper showing, may permit the order to be suspended. *Id*. Appellate courts have found a "proper showing" to include avoidance of disrupting the current living arrangements for a child pending appeal or potential danger to a child. *Interest of B.L.W.*, No. 12-18-00281-CV, 2019 WL 4727823, at *10 (Tex. App.—Tyler Sept. 27, 2019, no pet.) (mem. op.). Thus, appeal affords a right to seek suspension of the order being appealed, either from the trial court or the appellate court, upon the requisite proper showing. *See id*. (appellate court has authority to suspend enforcement of judgment even where trial court declines to do so); *see also* ***In the Interest of R.H.M.***, No. 03-14-00603-CV, 2014 WL 4966543 (Tex. App.—Austin Oct. 3, 2014, order) (per curiam) (staying order giving appellee exclusive right to designate child's primary residence); ***In re Finley***, No. 03-03-00095-CV, 2003 WL 1339413, at *1 (Tex. App.—Austin Mar. 20, 2003, orig. proceeding) (mem. op.) (denying mandamus petition seeking to compel trial court to modify order in suit affecting parent-child relationship, as father had adequate remedy by appeal to challenge merits of order and could seek suspension of order pending appeal). Mandamus is not the sole remedy for obtaining a stay of Respondent's order.

Were this an instance in which A.B. requested the signing of a final order, and Respondent refused after a reasonable time, A.B. could seek mandamus relief. *See **In re Blakely***, No. 05-19-00104-CV, 2019 WL 494026, at *1 (Tex. App.—Dallas Feb. 8, 2019, orig. proceeding) (mem. op.) ("When a trial court refuses to sign a written order memorializing a ruling and the existence of such a written order is a necessary pre-condition for a party to be able

6

to exercise a right to appeal, the proper way to seek relief is through mandamus"); *see also **In Interest of A.E.**,* No. 12-17-00155-CV, 2017 WL 5167552, at *4 (Tex. App.—Tyler Nov. 8, 2017, orig. proceeding) (mem. op.) ("Once a trial court pronounces its judgment or declares the content of its order, the act of committing the judgment or order to writing and signing it is a ministerial act").  But the issues A.B. presents in her mandamus petition relate to matters that arose during the final hearing, which led to Respondent's oral pronouncement of final orders.  Those matters may be addressed in an appeal from the final order once it is signed, and they are not proper subjects for mandamus review.  *See **Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (mandamus writ is not for grievances that may be addressed by other remedies); *see also **In re Solum Eng'g, Inc.**,* No. 14-10-01204, 2010 WL 5238441, at *2 (Tex. App.—Houston [14th Dist.] Dec. 16, 2010, orig. proceeding) (per curiam) (mem. op.) (denying mandamus petition, noting that issues in case may be adequately resolved in appeal from final judgment and detriments to reviewing final judgments by mandamus solely to expedite resolution of the case far outweigh any benefits); ***In re Luster***, No. 07-03-00543-CV, 2004 WL 306031, at *2 (Tex. App.—Amarillo Feb. 17, 2004, orig. proceeding) (mem. op.) (denying mandamus relief, noting that relator's complaints may have been meritorious if presented by an accelerated appeal filed pursuant to the family code and appellate rules or by a restricted appeal but declining to decide those questions).

Accordingly, for the above reasons, we conclude that A.B. has an adequate remedy by appeal.  Consequently, she is not entitled to mandamus relief.

## DISPOSITION

Because A.B. has an adequate remedy by appeal, we ***deny*** the petition for writ of mandamus.  All pending motions are ***overruled as moot***.

<u>GREG NEELEY</u>
Justice

Opinion delivered December 14, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 14, 2022**

**NO. 12-22-00303-CV**

**A.B.,**
Relator
V.

**HON. SARAH TUNNELL CLARK,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed A.B.; who is the relator in appellate cause number 12-22-00303-CV and the petitioner in trial court cause number 19CCL-043, pending on the docket of the County Court at Law of Houston County, Texas. Said petition for writ of mandamus having been filed herein on November 23, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*